**ELECTRIC PLANT BOARD OF THE CITY OF HOPKINSVILLE, Kentucky, Appellant,**

v.

**Paul Wilson STEPHENS, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

B. H. Henard, Hopkinsville, for appellant.

White & Clark, Hopkinsville, for appellee.

CLAY, Commissioner.

This case comes before us on appellee's motion to dismiss the appeal. We are writing an opinion because an important question under the Rules of Civil Procedure is presented. In simple terms, that question is: If a party fails to file his notice of appeal within the time limit prescribed by CR 73.02, does he lose his right of appeal? Put another way, is the requirement of filing a notice of appeal within the time limit prescribed by CR 73.02 mandatory and jurisdictional? The answer to these questions must be in the affirmative.

The Rules of Civil Procedure provide a simple, specific, direct and exclusive method of taking appeals to this Court in civil cases. The right of appeal created by statute only exists upon compliance with certain procedural requirements of the Civil

Rules. We will quote the applicable statute and the pertinent parts of the governing Rule.

KRS 21.056 provides:

"The mode of bringing the judgment of an inferior court to the Court of Appeals, for reversal or modification, shall be by an appeal. The appeal shall be taken and perfected as provided in the Rules of Civil Procedure.".

CR 73.02(1) provides:

"When an appeal is permitted by law as a matter of right, the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * *." (If certain motions are made the time runs from the entry of the order ruling on the motion. There is only one exception to this time limit of 30 days, which is not applicable here.)

CR 73.02(2) provides:

"A party may appeal from a judgment by filing a notice of appeal with the circuit court."

No other method of appeal is provided.

In the present action, commenced prior to July 1, 1953 but practiced under the Civil Rules, a judgment was entered on March 13, 1954. On March 22 appellant filed a motion for judgment notwithstanding the verdict under CR 50.02 and a motion for a new trial under CR 59.01. The filing of these motions, under the specific provisions of CR 73.02(1), terminated the running of time for the taking of an appeal. On April 10 the Court overruled the motions. Thereupon a new 30 day period within which to take an appeal began to run. Almost three months after the ruling on the motions appellant filed his notice of appeal.

Appellant by affidavit is very frank to admit that he is unable to understand why he failed to file the notice of appeal within the 30 day period required. It may have been an oversight, or appellant may have assumed he had taken an appeal because

the trial court entered an order on April 10 extending the time within which to file his record in this Court as provided by CR 73.08.

 In urging the Court to condone his failure to comply with CR 73.02, appellant asks that we invoke and apply CR 86, and on the ground of hardship take jurisdiction of this appeal as if it had been properly prosecuted. As much as we would like to do so, we are of the opinion that both this Court and appellant are bound by the provisions of the statute and the Rule above quoted. Although under Rule 86 injustice may be considered, it is not unjust to require compliance with a provision of this nature. Although under Rule 1 the Civil Rules should be liberally construed and technicalities disregarded, neither a question of construction nor a technicality is involved.

 We could not justify our extinguishment of such a significant prerequisite of CR 73.02 since it has the effect of transferring jurisdiction to this Court. See Federal Deposit Insurance Corporation v. Congregation Poiley Tzedeck, 2 Cir., 1946, 159 F.2d 163. In addition, an attempt to relax the Rule in this particular would annul the specific restrictions of CR 6.02 which prohibit the extension of time under CR 73.02 except as provided therein. Still further, it would certainly destroy the features of certainty and stability in procedure which the Civil Rules were designed to accomplish.

Appellant calls our attention to certain federal cases, particularly Mitchell v. White Consolidated, Inc., 7 Cir., 1949, 177 F.2d 500, wherein the federal courts in a few instances have permitted a late filing of the notice of appeal under Federal Rule 73, 28 U.S.C.A., by applying Federal Rule 86 (both of which Rules correspond to ours). The justification of these decisions was that the appellant was caught in the middle of a transition period when the time for the filing of the notice of appeal was by amendment of the Federal Rules reduced from 90 days to 30 days. These

cases are clearly not applicable for at least two reasons.

In the first place, our new Civil Rules completely changed the *method* of appeal which had existed prior to July 1, 1953 under the former Civil Code. A lawyer could not well plead ignorance of this important change with respect to appeals because it had for so long prior to July 1, 1953 been publicized and discussed. In the second place, the new Rules had been in effect for almost 10 months when it became incumbent upon appellant to follow this procedural requirement for taking an appeal. There was just one simple way to accomplish such objective. No change in the Rule had taken place since it was adopted. Clearly the cases cited by appellant are not in point.

We are inclined to the view that the filing of the notice of appeal within the prescribed time under CR 73.02 is mandatory and jurisdictional, and we are without authority to annul this requirement or to extend the time for meeting it beyond the limits fixed in the Rule. This principle seems now well established under the similar Federal Rule. See Morrow v. Wood, 5 Cir., 1942, 126 F.2d 1021; Lamb v. Shasta Oil Co., 5 Cir., 1945, 149 F.2d 729; Ray v. Morris, 7 Cir., 1948, 170 F.2d 498; Spengler v. Hughes Tool Co., 10 Cir., 1948, 169 F.2d 166; St. Luke's Hospital v. Melin, 8 Cir., 1949, 172 F.2d 532; Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 1952, 194 F.2d 705; Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 1952, 195 F.2d 612. The appeal must be dismissed.

Because both parties have filed excellent briefs on the merits of this controversy (which is all too rare a treat), we have considered them. We may say in passing that the judgment appears proper under the decisions in the following cases: Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179; McMurtry's Adm'x v. Kentucky Utilities Co., 194 Ky. 294, 239 S.W. 62; Green River Rural Electric Cooperative Corporation v. Blandford, 306 Ky. 125, 206 S.W.2d 475; and

Kentucky & West Virginia Power Co. v. Goodman, Ky., 1953, 257 S.W.2d 553.

The appeal is dismissed.