Ann M. CONWAY, Appellant,

v.

PENNSYLVANIA GREYHOUND LINES,
Inc., Appellee.

No. 13349.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 26, 1957.

Decided March 28, 1957.

Mr. Wesley E. McDonald, Washington, D. C., with whom Mr. B. Austin Newton, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Joseph S. McCarthy, Washington, D. C., with whom Mr. Wilbert McInerney, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was awarded $4,800 by the jury for injuries she suffered in an accident. Judgment was entered on the verdict on January 26, 1956. Be-

lieving the verdict grossly inadequate, she filed a timely motion under Rule 59, Fed.Rules Civ.Proc., 28 U.S.C.A., for an additur or a new trial. An order denying her motion [1] was filed on February 28, 1956, and copies of the order were mailed to counsel for both parties. Thirty-seven days later, on April 5, 1956, appellant moved for an extension of time within which to file a notice of appeal, supporting her motion by affidavits to the effect that neither she nor her counsel had received notice of the entry on the docket of the February 28 order. The extension of time was granted on April 26, 1956, and the notice of appeal was filed two days later.

We are met at the outset by appellee's contention that the appeal was not taken within the time prescribed by Rule 73 (a), Fed.R.Civ.P., so that this court is without jurisdiction.[2] According to that rule, "the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court * * * may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to [Rule 59], and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of [the order disposing of the motion under Rule 59]."

Appellant's motion under Rule 59 having been timely, it suspended the finality of the judgment entered on January 26, 1956. The entry of the February 28 order denying the motion restored the finality of the judgment with the full time for appeal commencing to run anew from the latter date. 6 Moore, Federal Practice 3891 (2d ed., 1953). The time to appeal would have expired on March 29, 1956, had not the District Court extended it by its order of April 26, 1956. Appellee's theory that the latter order was ineffective to extend the time within which to appeal is based upon two arguments: (1) that the District Court loses jurisdiction and may no longer entertain a motion for an extension when the original 30 days prescribed in Rule 73(a) have already run; and (2) that the District Court has authority to extend the time only for excusable neglect based on failure of a party to learn of the entry of the *original judgment*. Since we cannot accept either of these arguments, we conclude that the extension of appellant's time to appeal was validly granted.

■ To say that the District Court's authority to grant an extension exists only during the original time prescribed in Rule 73(a) makes the rule meaningless. If enough of the original 30 days remains to permit filing a motion to extend the time, then obviously the party can even more easily file the simple one-sentence notice of appeal required by Rule 73(b). The purpose of the provision authorizing extensions is to relieve

1. We treat the order as one denying appellant's motion for a new trial. The District Court's inability to grant additur seems to have been concluded by Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603.

2. The appeal purports to be from the order denying the post-verdict motion, rather than from the judgment. Such orders are not appealable, but appellee's attack on our jurisdiction is not based upon this error and, in any event, the error is harmless and we may treat the appeal as being taken from the judgment. Sobel

v. Diatz, 1951, 88 U.S.App.D.C. 329, 189 F.2d 26; Safeway Stores v. Coe, 1943, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; United States v. Stromberg, 5 Cir., 1955, 227 F.2d 903; 6 Moore, Federal Practice 3892–93 (2d ed. 1953).

Another defect of the notice of appeal not mentioned by the appellee is that it mistakenly reversed the parties in describing the order appealed from. But, since the notice undoubtedly informed the appellee of the subject of the appeal, the error was harmless. Martin v. Clarke, 7 Cir., 1939, 105 F.2d 685, 686; 7 Moore, Federal Practice 3166 (2d ed. 1953).

a party who, for the reason specified in the rule, has neglected to file his notice of appeal within the 30 days allowed. Even where the motion for an extension is filed not only after the expiration of the original 30 days, but also after the additional 30 days for which an extension may be given under the rule, it has been held that there may be circumstances justifying granting the motion. Resnick v. Lehigh Valley R. Co., D.C. S.D.N.Y.1951, 11 F.R.D. 76.

Appellee's second argument has only seeming validity. Appellant does not claim that the clerk failed to send her a notice of the entry on the docket of the original judgment. But we do not read the word "judgment" in Rule 73(a) so restrictively as to bar relief to a party who has excusably neglected to appeal from denial of a *post-verdict motion* under Rule 59 because of failure to learn of the entry thereof. The District Court's judgment was not appealable until entry of the February 28 order denying appellant's post-verdict motion and the running of the time for appeal commenced with the entry of that order. A reading of Rule 73(a) which would deny the District Court authority to extend the appeal time for appellant's excusable failure to learn of the entry of the February 28 order would, therefore, be unreasonable. Since it appears from the record before us that appellant had no notice of the entry on the docket of the February 28 order, as required by Rule 77(d), the District Court had discretion to extend the time within which a notice of appeal could be filed until not later than April 28, 1956. The notice of appeal having been filed on that date, the appeal is properly before us.

The substance of the appeal is that it was an abuse of discretion for the trial judge to have denied the motion for additur or new trial. The grounds of the motion were (1) the judge's allegedly erroneous instruction to the jury that, while certain of appellant's injuries were not in dispute, other injuries were in "sharp conflict"; and (2) the judge's failure to grant a new trial because of disclosure to the jury by appellee's counsel that appellant had received $5,700 in settlement of a claim growing out of another accident.

To decide for appellant on the first ground, we would have to conclude from the record that there was no dispute as to the injuries which the judge said were in conflict. This we cannot do. As to the second ground, the question in which counsel revealed the $5,700 settlement was improper and may well have been too prejudicial to be readily cured by the judge's instruction to the jury to disregard it. But appellant chose to rely upon the instruction rather than move for a mistrial. We see no reason to disturb this choice.

Since we do not think the District Court abused its discretion in denying appellant's motion for an additur or, in the alternative, a new trial, the judgment is

Affirmed.