George BROWN, Appellant,

v.

Edward W. HARRIS, Jr., Appellee.

Court of Appeals of Kentucky.

March 6, 1959.

Joe G. Leibson, Leibson, Leibson & Leibson, Louisville, for appellant.

Norman Curtis, Louisville, for appellee.

CLAY, Commissioner.

This action is before us on appellee's motion to dismiss the appeal. This motion must be sustained because the appeal was not taken within the time prescribed by CR 73.02(1).

A final judgment was entered June 4, 1958. A motion for a new trial was timely filed by appellant, which terminated the running of the time for appeal. An order overruling the motion was entered June 20.

On August 29 appellant filed a notice of appeal. On September 18, because notice had not been given of the June 20 order, the court vacated such order and re-entered it as of September 18. The following day appellant filed another notice of appeal.

Under CR 73.02(1) the maximum time limit within which an appeal could be taken from the final judgment of June 4 was 60 days from the June 20 date when the order was entered overruling the motion for new trial. That would have been August 19.

CR 77.04 requires the clerk to serve notice on the parties of an order ruling on a motion for a new trial. The rule specifically provides, however:

"Failure of the court to require service of notice of entry of any order or judgment under this rule, or the failure of the clerk to serve such notice, shall not affect the validity of the order or judgment, and does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73.02."

Since notice of the order of June 20 was not given by the clerk and appellant did not otherwise receive notice thereof, the circuit court, with most commendable motives, undertook to re-enter that order as of a later date to preserve the appeal time. It is clear, however, that such action is forbidden by the provision of CR 77.04 just above quoted.

CR 77.04 is patterned upon Federal Rule 77(d), 28 U.S.C.A. The language quoted was added to the Federal Rule as an amendment, effective in 1948, for the specific purpose of denying a trial court the right to do precisely what was attempted in the present case. See Moore's Federal Practice (2d Ed.), Vol. 7, Section 77.01 (page 4002 et seq.).

The case relied upon by appellant, Commercial Credit Corporation v. United States, 8 Cir., 175 F.2d 905, was a decision on Federal Rule 77(d) as it existed prior to this significant amendment.

It would appear that the circuit court could have acted to give appellant an additional 30 days under CR 73.02, for a total of 60 days from June 20, within which to take an appeal from the final judgment of June 4. See Conway v. Pennsylvania Greyhound Lines, 100 U.S. App.D.C. 95, 243 F.2d 39. As restricted by CR 77.04, the court had no authority to extend the time further.

The policy behind the rule is the necessity for securing the finality of judgments, and even though the clerk is directed to give notice of specified court orders, it is encumbent upon counsel to check the progress of their cases, and particularly to keep current on the status of a motion which has the effect of suspending a final judgment.

Since appellant's appeal time in the present action had run out prior to the filing of his first notice of appeal, and prior to the time the trial court undertook to update the entry of the controlling order, the attempted appeal came too late.

The appeal is dismissed.