Perry GEORGE, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 13258.

United States Court of Appeals
Seventh Circuit.

Oct. 18, 1961.

See also 295 F.2d 311.

James P. O'Brien, U. S. Atty., Thomas
W. James, Asst. U. S. Atty., Chicago, Ill.,
John Peter Lulinski, Asst. U. S. Atty.,
Chicago, Ill., of counsel, for appellant.

Herbert F. Stride, Sennett, Levin,
Craine & Stride, Chicago, Ill., for appel-
lee.

Before SCHNACKENBERG, CASTLE
and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This action is to recover damages for
injuries suffered by plaintiff in a "near"
collision of airplanes. In Count II of his
complaint, plaintiff sued the United
States under the Tort Claims Act, 28 U.S.
C.A. § 1346(b). The trial court, without
a jury, decided the liability issue in favor
of plaintiff in February, 1960, and the
following June awarded plaintiff damages
of $12,000. The Government appeals.

Plaintiff, thirty-six years old and the
father of six children, was on June 9,
1958 a passenger in an American Airlines
plane en route from Chicago to St. Louis.
He was thrown from his seat and injured
when the pilot put the plane into a sudden
dive to avoid colliding with a United
States military plane on maneuver.

The Government does not claim the
award is excessive or that the findings are
clearly erroneous. It raises only the
question, whether the award should be
vacated for lack of sufficient findings and
the cause remanded for more specific
findings by the trial judge in a reconsid-
eration of the damages.

The pertinent part of Rule 52(a), Fed.
Rules Civ.Proc. 28 U.S.C.A., which the
Government claims was violated, is:

> In all actions tried upon the facts
> without a jury * * * the court
> shall find the facts specially and state
> separately its conclusions of law
> thereon and direct the entry of the
> appropriate judgment.

The parties agree that two reasons for
the rule are to aid this court in its review
of the case, and to enable the appellant
to determine whether the case presents a
question worthy of appeal. Michener v.
United States, 8 Cir., 1949, 177 F.2d 422.

The Government, for support of an in-
terpretation of the ruling favoring it,
relies mainly upon United States v. Hors-
fall, 10 Cir., 1959, 270 F.2d 107. The

court there decided that it was impossible to determine from the findings whether there had been a duplicate award for loss of earnings. It held that because of the "apparent duplication of the award" there should be a remittitur or a new trial as to damages. In developing its decision the court said also that the findings of damages must be made with particularity so they may be reviewed.

This general statement has the support of Hatahley v. United States, 1956, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065. The facts of both cases, however, distinguish them from the instant case. The same is true of Major Appliance Co. v. Gibson Refrigerator Sales Corp., 5 Cir., 1958, 254 F.2d 497; United States v. A. J. Rife Const. Co., 5 Cir., 1956, 233 F.2d 789; and O'Connor v. United States, 2 Cir., 1958, 251 F.2d 939, 943. In the O'Connor case the court reversed an award for excessiveness and in remanding "hoped that the trial judge will explain more specifically his reasons for the award then made". It is interesting to note, however, that the court, on the less specific findings before it, went to the record for the evidence showing excessiveness.

The findings here about the extent of plaintiff's injuries are in considerable detail. There are additional findings of medical expenses in "excess of $400.00"; loss of favorite recreations; wearing of a cervical collar steadily for several months and occasionally at time of trial nearly two years later; and of plaintiff's loss of more remunerative for less remunerative employment because of his injuries. The findings are not as specific as Rule 52(a) contemplates, but none is a conclusion of law.

There is evidence that plaintiff before his injuries earned $600 per month, had an unlimited expense account and a company automobile; and evidence from which the trial court could infer that after the injury plaintiff averaged about $350 per month income. The record, accordingly, justified an allowance of approximately $6,000 for loss of earnings to the time of trial and over $400 for medi-

cal expenses. This rough estimate leaves for the "intangible" pain and suffering element about $5,600.

We know, from the findings, what elements went into the allowance. We did consult the record for evidence in support of the findings, but that was not burdensome in this case. And we think that the Government cannot reasonably contend that the lack of specificity in the findings prevented it from determining whether the case presented a question worthy of appeal. We conclude, therefore, as the Fourth Circuit Court of Appeals did in United States v. Pendergrast, 1957, 241 F.2d 687, that we would not be justified in setting aside the judgment and sending the case back.

For the reasons given, the judgment against the United States is affirmed.