**Perry GEORGE, Plaintiff-Appellee,**

v.

**AMERICAN AIRLINES, INC., Defendant-Appellant.**

**No. 13259.**

United States Court of Appeals Seventh Circuit.

Oct. 19, 1961.

Irving G. Swenson, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., Abe R. Peterson, John W. Kearns, Jr., Chicago, Ill., of counsel, for appellant.

Herbert F. Stride, Sennett, Levin, Craine & Stride, Chicago, Ill., for appellee.

Before SCHNACKENBERG, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This diversity personal injury case is a companion of George v. United States, 7 Cir., 295 F.2d 310, being filed simultaneously. Judgment in this action on Count I of the complaint was against American Airlines, Inc. for $12,000 after trial, without a jury, of liability and damages separately. Defendant airline has appealed.

Perry George was a passenger in one of defendant's DC–7 planes en route from Chicago to St. Louis on the morning of June 9, 1958. Near St. Louis the plane was flying about 310 miles per hour at an altitude of 5,000 feet on a prescribed "one-way airway" ten miles wide. Suddenly the pilot observed the approach of a United States C-47 military plane onehalf or one-quarter mile away. The planes were on a "collision course," i. e., had both continued at the same altitude and direction, they would have collided. Defendant's pilot quickly, without warning to the passengers, pushed his plane into a 500 foot dive and, passing under the military plane, lifted his plane to its prescribed course. In the sudden dive, George was thrown from his seat and injured.

Defendant challenges only the trial court's findings of its liability. It claims these findings were based on irrelevant,

improper evidence, and that the relevant evidence does not support the findings.

Defendant first argues that there is no finding that it was negligent as charged. True, there is no express finding that it was guilty of negligence. However, there are findings that defendant's airplane, "without warning of any kind," dived about 500 feet; that the flight of defendant's plane was in a southwesterly, and the military plane in a northwesterly, direction; that a collision would have resulted had not defendant's plane rapidly dived the 500 feet; and that the weather was "clear and fair" and visibility was "at least ten miles". These findings lead to Finding No. 8:

> * * * That in spite of the unlimited visibility neither pilot nor any other occupant of either plane's cab spotted the other plane until a collision was imminent. That had the proper lookout been maintained and considering the conditions of visibility it would have been possible to visually observe another plane at a distance of approximately ten miles.

In the Conclusions of Law, defendant was found guilty of negligence proximately causing the injuries to George.

Resolving any ambiguities in favor of the judgment, Snorgrass v. Sears, Roebuck & Co., 7 Cir., 1960, 275 F.2d 691; Hill v. Gregory, 7 Cir., 1957, 241 F.2d 612; Hanock v. Eck, 7 Cir., 1950, 183 F.2d 632, we read the prior findings of fact into the ultimate finding of fact in Finding No. 8. There we see a plainly implied finding of unreasonable conduct in failing to maintain a proper lookout. We decide, therefore, on this first point, that the trial court found the defendant guilty of negligence.

The second question is whether the following relevant facts support the findings: The captain of defendant's plane was in the left-hand seat, and his co-pilot, flying the plane at this time, in the right-hand seat. The flight engineer was between, and a little behind them. The windshield across the front of the cab extended in an arc of 180 degrees. The military plane was approaching at about 45 degrees to the left front of defendant's plane.

Defendant's crew, expecting other aircraft in that "high-density area", had the duty to maintain a lookout, although that burden principally rested on the engineer and captain at the time. The crew had seen "Air Force planes" in that vicinity on previous trips, and the captain knew that Scott Air Force Base was nearby. Visibility was unlimited, and the captain "looked out" his side of the windshield for other aircraft at intervals of twenty or thirty seconds.

Just before sighting the military plane, the captain was attempting to contact St. Louis by radio, and therefore was not in a position to see the approaching aircraft. When he did see the plane, it was about one-quarter mile, or "about five seconds", away. The co-pilot did not see the other plane until after the pilot took the "evasive action". If the captain had seen the military plane five miles away, the "near miss" would not have occurred. The co-pilot and the engineer had the same view as the captain did. Neither one of them gave a warning.

There is further evidence: The military plane had been on a "heading of west" about 130 miles per hour, and had not made any turn for five minutes. In that interval it would cover "seven to ten" miles. If the military plane was five miles away, the paths of the two planes would not have crossed for nearly a minute.

We think all of this evidence shows that the court's finding of negligence for failure to maintain a proper lookout is not "clearly erroneous". Assuming, without deciding, that the defendant's employees acted prudently in the emergency, there was still no necessity for the trial judge to find for defendant if the judge thought that its employees had created the emergency. There was evidence to sustain the finding that had defendant's employees maintained a proper lookout, the military

plane would have been observed in time to have avoided the sudden dive resulting in the injuries to George.

We need not consider whether the "evasive action" could have been performed in a shallower dive. This was not the trial court's basis for finding negligence. Neither do we consider the irrelevant finding concerning the settlement of a separate action arising from the same "near miss" incident. The trial court's statements about it were made in June, 1960. We cannot assume this irrelevant fact was extant, or taken into consideration, when the decision on liability was made the previous February.

For the reasons given, the judgment is affirmed.