COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Emma HATCHER, Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

W. W. Burchett, Prestonsburg, for appellee.

MONTGOMERY, Judge.

By order of September 20, 1960, entered without notice by the court during term time, the condemnation action of the Commonwealth of Kentucky, Department of Highways, against Emma Hatcher was dismissed. The condemnor appeals from an order of the court overruling its motion under CR 60.02, seeking to set aside the order of dismissal.

On April 16, 1959, an order continuing the case generally was entered. No other step appears to have been taken until the order of dismissal. Appellant claims that no notice of the entry of the dismissal order was received as provided by CR 77.04. It contends that the court abused its discretion in overruling the motion made under CR

60.02 on November 28, 1962, and overruled December 13, 1962.

CR 77.04 originally provided in part as follows:

> "Failure of the court to require service of notice of entry of any order or judgment under this rule, or the failure of the clerk to serve such notice, shall not affect the validity of the order or judgment, and does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73.02."

The substance of the above rule is now embodied in CR 77.04(4) after amendment effective April 1, 1963.

 The effect of this rule is discussed at length in Comment 4, Clay, CR 77.04, pages 404 and 405. In substance, the validity of the judgment or order and the running of the appeal time are not affected by the failure of the party adversely affected to receive notice of entry of the judgment or order. It is the responsibility of an interested party to keep a check on the progress of his case. The desirability of finality in judgments demands it. Brown v. Harris, Ky., 321 S.W.2d 781.

As Blackstone has written, "Hoc quidem perquam durum est, sed ita lex scripta est. 3 Blackstone, Commentaries 430. The translation for the benefit of us who are not Latin scholars is: "This indeed is very hard, but such is the written law."

Judgment affirmed.

HILL, J., not sitting.