Clyde COLLIER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 5, 1965.

Clyde Collier, Jr., pro. se.

Robert M. Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Clyde Collier, Jr., appeals from a judgment overruling, without a hearing, his RCr 11.42 motion to vacate the judgment by which he was convicted of armed robbery and sentenced to life imprisonment. Cf. KRS 433.140.

■ Under the broad principle followed by the U. S. Supreme Court in Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), we decline to dismiss the appeal on the ground it was not timely.

The ground stated in the motion is that the conviction was induced by improper reception of evidence obtained by a search conducted in violation of the 4th Amendment of the U. S. Constitution. Collier was represented by counsel of his own choice at the trial.

■ RCr 11.42 is patterned after 28 U.S.C.A. § 2255, which did not enlarge the scope of review theretofore permitted by habeas corpus and is not a substitute for a timely appeal. See King v. Commonwealth, Ky., 387 S.W.2d 582 (decided February 27, 1965); Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1963).

Since Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), a question has arisen as to whether previous convictions in states that did not have the exclusionary rule are subject to collateral attack.[1] Thus in Hall v. Warden, Maryland Penitentiary, 313 F.2d 483 (4th Cir. 1963), it was held that a Maryland conviction based on illegally seized evidence could be attacked in a federal habeas corpus proceeding. But that was because at the time the petitioner was tried in the Maryland court he could not have known that Mapp would change the law, and was therefore ignorant of his constitutional rights and unable to protect himself. A contrary

result has been reached with respect to conviction in a state which, like Kentucky, already had its own exclusionary rule. Sisk v. Lane, 331 F.2d 253 (7th Cir. 1964).

Except for the possible effect of the Mapp decision on previous trials held in states that permitted the introduction of evidence which now would be impermissible under the 4th and 14th Amendments of the U. S. Constitution, it is firmly settled that the reception of evidence obtained by an unlawful search is an error that can be attacked only by timely motion for new trial or by appeal. It has never been a ground for review under 28 U.S.C.A. § 2255.

"Assuming that the evidence could have been suppressed by proper motions before or during the trial, it is extremely doubtful that objection to the evidence can be raised at this late date by motion under 28 U.S.C.A. § 2255. Such a motion cannot ordinarily be used in lieu of appeal to correct errors committed in the course of a trial, *even though such errors relate to constitutional rights."* (Emphasis added.) United States v. Walker, 197 F.2d 287 (2d Cir. 1952), cert. den. 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679.

It is "well established that the complaints of illegal arrest and illegal search are not proper matters to be presented by a motion to vacate sentence under § 2255 but can only be properly presented by appeal from the conviction." Warren v. United States, 311 F.2d 673 (8th Cir. 1963).

"Questions concerning the admissibility of evidence obtained directly or indirectly as a result of an unlawful search can be reviewed on an appeal from a judgment of conviction, but cannot be dealt with in a section 2255 proceeding." Williams v. United States, 307 F.2d 366 (9th Cir. 1962).

"It is established that a search and seizure may not be attacked under Section

---

1. RCr 11.42 provides a direct attack, but only on grounds that would otherwise sustain a collateral attack. Higbee v. Thomas, Ky., 376 S.W.2d 305, 307 (1963).

2255." Wilkins v. United States, 103 U.S. App.D.C. 322, 258 F.2d 416 (1958), cert. den. 357 U.S. 942, 78 S.Ct. 1396, 2 L.Ed.2d 1557.

To similar effect see Way v. United States, 276 F.2d 912 (10th Cir. 1960); Sinks v. United States, 318 F.2d 436 (7th Cir. 1963), cert. den. 375 U.S. 946, 84 S.Ct. 355, 11 L.Ed.2d 279; Eberhart v. United States, 262 F.2d 421 (9th Cir. 1958); Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729 (1958); Barber v. United States, 197 F.2d 815 (10th Cir. 1952), cert. den. 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665; and United States v. Edwards, 152 F. Supp. 179 (D.D.C.1957), aff'd 103 U.S.App. D.C. 152, 256 F.2d 707, cert. den. 388 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82.

See also Whitley v. Steiner, 293 F.2d 895 (4th Cir. 1961), for discussion of the principle that a denial of constitutional rights will authorize collateral relief only under certain exceptional circumstances.

It follows that the motion in this case was insufficient on its face and was properly overruled summarily.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from so much of the majority opinion as declines to dismiss the appeal.

The majority opinion points out very thoroughly and convincingly that there is no merit in the arguments advanced on appeal but fails to discuss the failure to dismiss the appeal. The record shows that appellant's notice of appeal was not filed within the time provided by RCr 12.54. Extension of such time is expressly prohibited. RCr 1.10. The latter rule also provides that the provisions of the Rules of Civil Procedure as to time shall apply to the procedures in the Rules of Criminal Procedure when the latter rules do not specifically provide otherwise.

By analogy, under the Rules of Civil Procedure, the running of the appeal time is not affected by the failure of the party adversely affected to receive notice of entry of the judgment or order. Brown v. Harris, Ky., 321 S.W.2d 781; Commonwealth Dept. of Highways v. Hatcher, Ky., 386 S.W.2d 262 (decided January 22, 1965). The time requirement is mandatory and jurisdictional. Electric Plant Board of City of Hopkinsville v. Stephens, Ky., 273 S.W.. 2d 817; Hawks v. Wilbert, Ky., 355 S.W. 2d 655.

The failure to discuss the dismissal contention raises pertinent questions which should have been considered and answered. Does the majority opinion mean that the pertinent Rules of Criminal Procedure have been abrogated? Is this true in cases of direct appeal from judgments of conviction and in appeals from rulings in RCr 11.42 cases alike, or does it apply only to the latter as in this case? Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed. 2d 760, given as authority for sustaining the appeal, dealt with a direct appeal from a judgment of conviction. This might be considered as distinguishing it from this case, although I am not convinced that Fallen is right.

Does the majority opinion apply only to prisoners or indigent accuseds or does it apply alike to all who may have run afoul of the criminal laws? If it does not apply to all, then it is indicative of a double standard of justice which has no proper foundation and should not be.

Will the majority opinion become known as the Collier exception to the established rule? RCr 13.08 provides the method of amending the Rules of Criminal Procedure. How is it affected by such change? Is the Court falling into the childish practice of changing its rules in the middle of the game, so to speak, as each case arises?

It seems to me that the majority opinion should have answered these questions for the guidance of the bench and bar instead of leaving their members to guess as to its meaning.

I agree that the appellant is entitled to no relief but his meritless appeal should have been dismissed. The Court could better occupy its time in consideration of more deserving litigation.

For these reasons I respectfully dissent.