Edward D. EVANS, Appellant,

v.

Melvin W. JONES, Isaac E. Jacobs, Deputy Sheriffs of the County of Durham, and Jennis Mangum, Sheriff of the County of Durham, individually and as Officers of the County of Durham, Jointly and Severally, and the Glens Falls Insurance Company, bonding agent, and the County of Durham, N. C., and Bobbie L. Jacobs, Appellees.

No. 10410.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 7, 1966.

Decided Sept. 14, 1966.

M. C. Burt, Jr., Durham, N. C., for appellant.

Jerry L. Jarvis, Durham, N. C. (A. H. Borland, Durham, N. C., for Isaac E. Jacobs; James L. Newsom, Durham, N. C., for Jennis M. Mangum; Marshall T. Spears, Durham, N. C., for Glens Falls Insurance Company, and Robert D. Holleman, Durham, N. C., for County of Durham, on motion), for appellees.

Before HAYNSWORTH, Chief Judge, SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

This is an appellee's motion to dismiss an appeal in a civil case for appellant's failure to file a timely notice of appeal.

The judgment of the District Court was entered on October 30, 1965, and the last day for noticing an appeal was Monday, November 29, 1965. In response to the appellee's motion to dismiss, appellant's lawyer has filed in this court an affidavit stating that he deposited the notice in the mail box at the corner of Main and Corcoran Streets, Durham, North Carolina, on Saturday, November 27, about 2:00 p. m., fully expecting that it would be delivered in due course to the clerk of the District Court at Greensboro, North Carolina, the following Monday, November 29. The envelope in which the notice of appeal was mailed was not preserved, so that the postmark is unavailable. The clerk's stamp indicates receipt of the notice at 11:45 a. m. on Tuesday, November 30, thirty-one days from the entry of judgment.

Rule 73(a) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 2107

provide that an appeal from a judgment of a district court in a case like this to a court of appeals shall be filed within thirty days of the entry of judgment. This circuit has held that the court of appeals is without power to relieve the appellant from the consequences of his failure to observe this requirement. Gunther v. E. I. DuPont De Nemours & Co., 255 F.2d 710, 715 (4th Cir. 1958).

However, the Rule authorizes the district court, though not the appellate court, "upon a showing of excusable neglect * * * [to] extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time * * *." Of course, if no notice of appeal had been given until after thirty days following the expiration of the original period, the district court would be without jurisdiction to excuse the delay. But here the filing was only one day late, well within the permissible extension of thirty days if the district court determines that the neglect, if any, was excusable. As Chief Judge Bazelon of the District of Columbia Circuit has emphasized,

> "The purpose of the provision authorizing extensions is to relieve a party who, for the reason specified in the rule, has neglected to file his notice of appeal within the 30 days allowed." Conway v. Pennsylvania Greyhound Lines, 100 U.S.App.D.C. 95, 243 F.2d 39, 41 (1957).[1]

■■ This purpose has been highlighted and the discretion of the district court expanded by the recent amendment of Rule 73(a), to permit a finding of excusable neglect on any ground, not, as heretofore, only if noncompliance stemmed from failure to learn of the entry of judgment. H.R. Doc. 391, 89th Cong., 2d Sess. (Feb. 28, 1966). A finding by the District Judge that the delay in filing was excusable will validate a late filing provided the effect is not to extend the time for filing more than

thirty days from the expiration of the original thirty-day period. The case will therefore be remanded to determine whether there was excusable neglect. If there is a finding of excusable neglect the appeal will proceed; otherwise it will be dismissed. In the meantime, action on the motion to dismiss will be suspended.

Remanded.

---

1. In that case the court indicated that, in appropriate instances, a notice of appeal might be held timely even if filed after the expiration of the permissible extension of thirty days. 243 F.2d at 41. But we need not go this far in the present case.