Stanford YATES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1965.

Stanford Yates, pro se.

Robert Matthews, Atty. Gen., Charles Runyan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Stanford Yates prosecutes this appeal from an order of the McCracken Circuit Court which overruled his RCr 11.42 motion to vacate his prior conviction in that court for armed robbery. The challenged order was entered after a hearing, at which appellant appeared in person and with counsel appointed for him by the trial court.

The trial court furnished appellant a transcript of the proceedings at the RCr 11.42 hearing, which transcript is before us on this appeal.

In his motion to vacate appellant recited nine separate grounds upon which he bases his entitlement to have the judgment of conviction vacated; he stated in his *pro se* brief that he yet insists upon all of the points, although he pitches his main assault and argument on the contentions that (1) he was denied counsel prior to arraignment, (2) that he had no counsel at his examining trial, and (3) that the counsel he had at the final trial was inadequate and ineffective.

■ The record reflects that appellant was arrested on November 27, 1962, and placed in the city jail. Appellant testified at the RCr 11.42 hearing that he was denied the right to get in touch with a lawyer, although he did not relate any details about the alleged refusal. There was proof for the Commonwealth to the effect that no such refusal had occurred. The trial judge found that the alleged incident did not occur; this finding is amply supported by the record. Moreover, it is significant that appellant did not give any statement while in custody, and nothing that he said to any officer while in custody was offered as evidence against him.

On November 29, 1962, appellant was brought before the police court judge for examining trial; the examining trial was held on the next day. Appellant did not have any attorney at the examining trial. The police judge candidly stated that he had no independent recollection whether he advised appellant of his right to counsel, although he expressed the belief that he had done so, and that the prosecuting attorney had too, as the regular practice in all such cases is to so advise the defendants. Nothing that occurred at the examining trial appears in the record before us, nor is there any contention that anything that transpired at the examination was used against the appellant upon the felony trial

in circuit court. We are mindful of the decisions of the Supreme Court, cited by appellant, but in view of the fact that there is a complete absence of any showing of prejudice to appellant by reason of his lack of counsel before arraignment, we adhere to the principles enunciated in Carson v. Commonwealth, Ky., 382 S.W.2d 85. Accordingly, we hold that there is no merit in appellant's claim that the judgment be vacated because he had no counsel prior to arraignment.

■ The appellant asserts that the attorney appointed to represent him in the circuit court did not properly do so. His main claim is that the lawyer did not consult with him about his defense until the morning of the day of trial. The lawyer disputed this, and stated that. he was completely cognizant of the facts of the case by reason of his employment for the defense of another person involved in the same incident. The lawyer who defended appellant has practiced for many years; the lawyer testified at the RCr 11.42 hearing that he believed the appellant would have been acquitted but for the appellant's surprising testimony relating to his purchase of some dark glasses. Appellant gave that evidence voluntarily and not in response to any direct question about it; the glasses played a significant part in the pivotal question of identity of the person committing the crime. The prosecuting attorney testified that appellant's counsel made a strong and vigorous defense; the trial judge found that to be true, and we agree that the finding is fully supported. Indeed, appellant points to no real basis for his charge against the lawyer, except his disputed claim that the lawyer did not consult with him until the actual trial date. We conclude that the trial court properly determined that appellant was adequately represented by competent counsel. The situation here is in no wise comparable to that which led to the decision of the Supreme Court in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932).

Appellant's other asserted grounds for relief may properly be considered as abandoned inasmuch as he does not press them in his brief. However, we have examined the record in light of the claimed errors and find that none of them is meritorious. Moreover, none of the other grounds asserted properly falls within the purview of RCr 11.42 review.

The judgment is affirmed.