**John BROWN, Jr., Appellant,**

**v.**

**John WINGO, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

—◆—

John Brown, Jr., pro se.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

John Brown, Jr., appeals from a judgment of the Lyon Circuit Court denying relief on his habeas corpus petition against the warden of the Kentucky State Penitentiary.

After his conviction and sentence of death on a charge of armed robbery had been reversed in Brown v. Commonwealth, Ky., 357 S.W.2d 681 (1962), the appellant was tried again and sentenced to life imprisonment. He contends the latter conviction (which appears not to have been appealed) is void because the trial court admitted evidence against him which had been obtained through an illegal search in violation of the 4th and 14th Amendments of the United States Constitution.

Recognizing our decisions to the effect that habeas corpus will not be granted if a direct attack under RCr 11.42 would provide

an adequate review procedure, cf. Ayres v. Davis, Ky., 377 S.W.2d 154 (1964), Brown alleges that RCr 11.42 would be unavailing because we have held that an illegal search is not a ground for relief under that rule. See King v. Commonwealth, Ky., 387 S.W.2d 582 (1962).

 The reason an illegal search cannot form the basis for a successful RCr 11.42 proceeding is that an error consisting of the admission of improper evidence, even though the evidence may have been obtained in violation of constitutional rights, does not invalidate the proceeding or the judgment of conviction. The point is fully discussed in Collier v. Commonwealth, Ky., 387 S.W.2d 858 (1965). In this state the exclusionary rule was in force long before Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Hence the error was and still is remediable by appeal. Habeas corpus cannot be used to undo an error that could have been corrected by a timely appeal. Pryor v. Thomas, Ky., 361 S.W.2d 279 (1962); Hamm v. Jones, Ky., 353 S.W.2d 544 (1962).

The judgment is affirmed.