**Harley DUPIN and Carl Ray Schroader,**
**Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 17, 1966.

W. Mallam Lake, Carmol D. Cook, Hartford, for appellants.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Following our opinion in Schroader v. Thomas, Ky., 387 S.W.2d 312, a hearing was held on appellants' motions to vacate the judgments under RCr 11.42. The trial

court denied the motions. As it turns out, there was nothing in them that required an evidentiary hearing.

The principal ground which appellants assert as a denial of a constitutional right was the lack of counsel to represent them at the examining trial. Without a showing of prejudice, this is not a ground for relief under RCr 11.42. Carson v. Commonwealth, Ky., 382 S.W.2d 85; Yates v. Commonwealth, Ky., 386 S.W.2d 450; Walker v. Commonwealth, Ky., 386 S.W. 2d 452; Warner v. Commonwealth, Ky., 386 S.W.2d 455; Commonwealth v. Watkins, Ky., 398 S.W.2d 698.

Another ground was an alleged illegal search and seizure. This is not a proper basis for relief under RCr 11.42. Collier v. Commonwealth, Ky., 387 S.W. 2d 858; Brown v. Wingo, Ky., 396 S.W. 2d 785.

The next ground was that appellants were held in jail under excessive bail. Assuming, without deciding, that a constitutional right was violated (although there is no allegation that relief was sought under the provisions of RCr 4.14 or otherwise), this does not ipso facto furnish a ground for attacking the judgment of conviction or sentence. Only the violation of a constitutional right which affected the legality or fairness of the trial would impair the validity of such judgment or sentence. Unless being held in jail prevented appellants from making adequate preparations for, or otherwise detracted from the fairness of the trial, their confinement under excessive bail is completely irrelevant to the validity of the judgment under attack.

A proceeding under RCr 11.42 does not provide an arena in which all claims of the violation of constitutional rights shall be tested. Only those violations which may have had a bearing on the legality or the fundamental fairness of the trial may be considered. The bare claim of excessive bail presents no justiciable issue with respect to the propriety of the trial, judgment, or sentence. It is as irrelevant as would be a defendant's claim that he was subjected to an illegal search, when the evidence so obtained was not used against him. This ground is unavailing.

The next ground is that defendants were denied the right to a speedy trial guaranteed by the United States Constitution. There is no allegation that appellants requested an earlier trial. The failure to make such demand constitutes a waiver. Barker v. Commonwealth, Ky., 385 S.W.2d 671. In addition, in our opinion the record does not indicate unreasonable delay in holding the trial.

The final ground asserted is that one of the jurors was related to a prosecuting witness. The simple assertion of the existence of this fact does not raise a constitutional question or form the basis for relief under RCr 11.42. See Maggard v. Commonwealth, Ky., 394 S.W.2d 893.

The judgment is affirmed.