**David McFALLS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

John Ryan, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, David McFalls, was indicted by the Letcher County Grand Jury on April 5, 1967, for maliciously shooting at another person with intent to kill him. KRS 435.170(1). An order entered on April 27, 1967, recites that he was brought before the court and questioned as to his ability to employ counsel; that he was being held in jail and expressed the desire to plead guilty; that the court then appointed counsel for him; that he waived arraignment, entered a plea of guilty and agreed for the court to fix his punishment; and that the court thereupon sentenced him to two years in prison. After arriving at the penitentiary McFalls instituted this RCr 11.42 proceeding to vacate the judgment. He appeals from an order overruling his motion without a hearing.

The ground for the motion is that although he had a good defense, and was not in fact guilty, the appellant was coerced into pleading guilty and was denied effective assistance of counsel.

It appears from the face of the motion that the "coercion" consisted of an expectation, induced by "pressure" from the sheriff and county jailer, that he would receive a probated sentence, and that the inefficacy of counsel consisted of his attorney's failure to withdraw the plea of guilty when it appeared that the sentence would not be probated.

The motion did not state grounds sufficient to require a hearing. Cf. Hurt v. Commonwealth, Ky., 333 S.W.2d 951 (1960); Ray v. Commonwealth, Ky., 398 S.W.2d 504 (1966).

The order is affirmed.

All concur.