**Floyd Edward RICHARDSON, Appellant,**

**v.**

**James HOWARD, Warden Kentucky State Reformatory, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Appellant petitioned for writ of habeas corpus on the ground that a judgment and sentence entered against him by the Letcher Circuit Court and pursuant to which he is now incarcerated was void. The trial court sustained the Commonwealth's motion to dismiss appellant's application for habeas corpus. It was the conclusion of the trial court that appellant had adequate remedy afforded him by RCr 11.42, thus precluding the use of habeas corpus in the instance involved herein.

We are confined to a record consisting only of appellant's petition which is accompanied by two exhibits and the response and the motion to dismiss the petition which were filed by the Commonwealth.

This record establishes that appellant was convicted in October, 1966, in the Letcher Circuit Court and sentenced to two years in the Kentucky State Reformatory for commission of a felony—"breaking and entering." Appellant took a direct appeal from this judgment and sentence and apparently remained free on bond during the pendency of his appeal. Thereafter, and while he was still free on bond, appellant was arrested and charged in the Jefferson Circuit Court with commission of another felony—"wilfully causing an explosion." In April, 1968, he entered a plea of guilty as charged. Thereupon, the judge of the Jefferson Circuit Court fixed his punishment at confinement in the penitentiary for a term of two years. Judgment and sentence pursuant to this finding was duly entered; it recited that the current sentence was "to run concurrently with the sentence imposed in the Letcher Circuit Court." Appellant was committed to the penitentiary pursuant to the authority of the Jefferson Circuit Court judgment.

After he had served a considerable part of the sentence, it was discovered that no copy of the Letcher Circuit Court judgment nor any order of commitment from the Letcher Circuit Court had been forwarded to the penitentiary authorities. It appears that the appeal from that judgment had been dismissed for failure to prosecute at some time during the interim period. A request that appellant be held and delivered to the authorities of the United States government at the conclusion of his sentence was received by the penitentiary. It seems that appellant is to commence service of an eight-year sentence for a violation of the laws of the United States at the conclusion of his incarceration by the Commonwealth. Appellant was returned to the Letcher Circuit Court in October, 1969. The Letcher Circuit Court at this appearance dismissed other charges for separate crimes which had been pending against appellant in that court and undertook to enter a judgment and order of commitment in effect resentencing appellant for a term of two years on the breaking and entering conviction with specific provision that such sentence was to be served nonconcurrently with any sentence from any other court.

Appellant argues that the latest judgment of the Letcher Circuit Court is void and affords no legal basis for his continued detention by the Commonwealth. He argues that RCr 11.42 is inadequate as a remedy.

RCr 11.42 affords by its very terms a remedy to a prisoner in custody under sentence who claims a right to be released on the ground that his sentence is subject to collateral attack. It permits a direct proceeding by motion in the court which imposed the sentence to vacate, set aside or correct it.

■ Since Ayers v. Davis, Ky., 377 S.W. 2d 154, and the series of cases rendered at that same time which are enumerated in the dissenting opinion in the Ayers case (377 S.W.2d 878), this court is committed to the proposition that RCr 11.42 is the exclusive remedy in those situations where a prisoner in custody makes a collateral attack on his judgment of conviction, unless a showing is made that the RCr 11.42 remedy is inadequate.

■ The claim for relief by the prisoner in this action is a collateral attack upon the judgment and order of the Letcher Circuit Court by authority of which the prisoner is presently detained. Hence, the contention for relief may be raised under an RCr 11.42 proceeding.

■ The only assertion of the inadequacy of such a proceeding is an argument which resolves itself essentially into a complaint that it will take more time to pursue the remedy provided than it would take to secure a decision by means of a petition for habeas corpus. This consideration is balanced, however, by the circumstance that in most situations the prisoner is benefited by having available at the

place of his trial all pertinent records relevant to the issue and the scope of the remedy is thereby broadened. We find that the appellant failed to establish the inadequacy of the admittedly available remedy.

The judgment of the trial court is affirmed.

All concur.