**Carew MESSER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 22, 1970.

---

Carew Messer, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge

The Shelby County Grand Jury indicted appellant, Carew Messer, for the rape of his stepdaughter. The indictment was "* * * filed in open Court (on the) 6th day of October, 1969". That same day Messer appeared with his employed counsel and entered a plea of not guilty, after which the case was set to be tried on October 24, 1969. He appeared on the trial date with that same lawyer who announced that he was ready for trial. He alleges that thirteen witnesses were present to testify on his behalf.

A jury was selected and during the opening statement Messer's attorney informed the court that his client desired to change his plea to guilty. The change of

plea was authorized, the jury was instructed, heard the recommendation of the attorney for the Commonwealth and then retired. It returned a verdict of "guilty" and fixed the punishment at penitentiary confinement for fifteen years. Judgment was entered accordingly from which there was no appeal.

On December 13, 1969, while incarcerated, Messer moved pursuant to RCr 11.42 to vacate the judgment and demanded an evidentiary hearing. He charged that rights guaranteed to him by the United States Constitution were denied him. He claimed that: 1. " * * * he was denied the right of a preliminary hearing * * *". 2. " * * * he was questioned if he had been arrested before of any 'sex crimes', similar as the 'offense' that he was being charged with; and was questioned without the presence, or the assistance of Counsel which was a 'critical stage'; * * *". 3. " * * * the said 'Counsel' David Mason was 'ineffective' and 'inadequate', * * *". 4. " * * * he was confined in jail for a period of three (3) months without bond * * *". 5. "* * * that if he had a jury trial that with thirteen (13) witnesses that would have testified could and would have proven him 'innocent', * * *" and 6. " * * * that Debra Sue Wentworth; came to the jail to visit him on several occasions and advised him if he would give her $75.00 that she would withdraw the * * * charge * * *".

The trial court in these post conviction proceedings made certain findings on which it concluded that Messer was not entitled to the relief he sought. It correctly overruled the motion without granting an evidentiary hearing. We said in Maggard v. Com., Ky., 394 S.W.2d 893 (1965), that "It is likewise unnecessary for the court to order a hearing if the material issues of fact can fairly be determined on the face of the record. Cf. RCr 11.42(5)." Also see Brooks v. Com., Ky., 447 S.W.2d 614 (1969), and McFalls v. Com., Ky., 439 S. W.2d 78 (1969). From a judgment denying the motion Messer appeals. We affirm.

We wrote in Little v. Com., Ky., 438 S.W.2d 527 (1968), that "There is no constitutional right to a preliminary hearing." Also see Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966), cert den. 384 U.S. 965, 16 L.Ed.2d 677, 86 S.Ct. 1596. That rule is dispositive of the first ground asserted by Messer.

His complaint of questioning prior to his trial, which occurred without assistance of counsel, and that he was confined for three months without bond do not sustain his right to the relief he demands. No information so obtained was used against him, therefore, he was not prejudiced. Thomas v. Com., Ky., 437 S. W.2d 512 (1968); Little v. Com., Ky., 438 S.W.2d 527 (1968) and Dorton v. Com., Ky., 433 S.W.2d 117 (1968). There is no indication that these events, if they occurred, affected the legality or fairness of the proceedings in which he pleaded guilty. They cannot destroy the validity of the judgment. Dupin v. Com., Ky., 404 S.W. 2d 280 (1966).

The fact that the principal prosecuting witness visited Messer and offered to withdraw charges upon the payment of $75.00 is not a basis for vacating the sentence. Dupin v. Com., Ky., 404 S.W.2d 280 (1966). Furthermore, this occurred before the trial at which Messer pleaded guilty.

The charges of ineffective and inadequate counsel and that the large number of witnesses present would have established Messer's innocence were not allegations upon which the motion could have been sustained. In Parker v. State of North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), there was a plea of guilty, as here, also without any claim of promise, threat or compulsion. In Parker and here the defendant was represented by a retained counsel who advised

the accused to plead guilty. The Supreme Court held that even if the advice given was incorrect " * * * it does not follow that (the) error (if any) was sufficient to render the plea unintelligent and entitle (the accused) to disavow his admission in open court that he committed the offense with which he was charged." Certainly a recommendation that Messer plead guilty was not indicative of incompetence or inadequate representation. McMann, Warden v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The judgment is affirmed.

All concur, except NEIKIRK, J., who did not sit.