Leon **ALCORN**, Petitioner-Appellant,

v.

Steve **SMITH**, Warden, Kentucky State Reformatory, Respondent-Appellee.

No. 82–5623.

United States Court of Appeals, Sixth Circuit.

Argued April 28, 1983.

Decided Dec. 20, 1983.

**38**

Kevin Michael McNally, Asst. Public Advocate, M. Gail Robinson, Asst. Public Advocate, argued, Frankfort, Ky., for petitioner-appellant.

Steven L. Beshear, Atty. Gen. of Ky., Martin Glazer, Asst. Atty. Gen., argued, Frankfort, Ky., for respondent-appellee.

Before KEITH and MERRITT, Circuit Judges, WISEMAN, District Judge.*

WISEMAN, District Judge.

This is a habeas corpus case brought under 28 U.S.C. § 2254. The petitioner was convicted of first degree sodomy and of being a persistent felon under Kentucky's persistent felon statute, Ky.Rev.Stat. § 532.080(3)(b), which requires that one be at least eighteen years of age at the time he commits two prior offenses. The petitioner raises before this Court several grounds for relief: 1) Denial of due process by the district court's dismissal of his habeas petition due to a procedural default at trial without affording the petitioner a hearing on cause and prejudice; 2) Failure by the State to prove by sufficient evidence an essential element of the offense, which should be heard despite procedural default or, alternatively, should be heard because the trial attorney's alleged incompetence provided cause for the default; 3) Lack of proof of the elements of forcible compulsion and earnest resistance as required for the offense; and 4) Lack of proof of age at the time he committed the prior offenses as required for the persistent felon conviction.

According to the proof at trial, Alcorn fought with another inmate of the Fayette County Jail in May of 1976, for reasons which are in dispute. Alcorn and another witness testified that the fight began because the other inmate, Ousley, had laughed at Alcorn's burn scars (T. 100–01, 95). Ousley testified that Alcorn attacked him for no reason (T. 21). The fight took place two hours prior to the alleged rape. Ousley was beaten and, according to one account, said he would do anything Alcorn wanted (T. 49). Alcorn testified that he had made amends with Ousley and requested his help in looking after another inmate in Alcorn's cell who was undergoing withdrawal from narcotics (T. 105). Once in Alcorn's cell, they talked with one another for two hours until all cells were locked (T. 23). There was conflicting testimony about whether Ousley called for help during this time (T. 51, 96). Ousley admitted that he did not call any guards (T. 23). When an officer came by the cell after the incident, and asked about Ousley's injuries, Ousley told him he had fallen off the bunk (T. 62). After Ousley was removed from the cell he told the officer that he had been raped (T. 67). Ousley did not resist Alcorn's advances because, he claimed, there was nothing he could do to resist (T. 15). The jury found the requisite forcible compulsion after being instructed that it may be based on an implied threat that overcomes earnest resistance by placing the victim in fear of

---

* Honorable Thomas A. Wiseman, Jr., District Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

further physical injury (T. 129. *See* Ky. Rev.Stat. § 510.020(2)).

At the hearing on the petitioner's persistent felon charge, the jury was required to find beyond a reasonable doubt that he was eighteen years old at the time he committed the two prior felonies (T. 137, 140–41). No proof was introduced to prove his age at the time the offenses were committed. This omission was apparently due to the erroneous belief of the prosecutor and the defense attorney that the age at conviction was determinative. The defense attorney gave no defense in regard to the elements of the charge and did not move for a directed verdict; he merely requested the jury to impose the minimum penalty (T. 143). The prosecutor, in his closing argument, referred the jury to evidence in the original proceedings that Alcorn's birthdate is in September of 1951 (*see* T. 75), and stressed that Alcorn's first conviction, for storehouse breaking, occurred in March of 1970 (T. 144–45). The prosecutor stated that the petitioner would have been eighteen at the time of the conviction. There was no evidence regarding when the crime was committed. Alcorn received a ten-year sentence for the underlying offense and one year for third degree assault. The sentence was enhanced to 50 years because of the persistent felon conviction.

In April of 1980, the petitioner filed a habeas corpus petition in federal court alleging two grounds which he had also asserted on direct appeal: that there was no proof of forcible compulsion and no proof of petitioner's age at the time the prior felonies were committed. The Kentucky Supreme Court had refused to consider these two claims because Alcorn had not preserved the issues for appellate review by moving for a directed verdict or objecting to the jury instructions. *Alcorn v. Commonwealth,* 557 S.W.2d 624, 627 (Ky. 1977). The Kentucky Supreme Court, on motion for a rehearing, also found that Alcorn's claim that his counsel was ineffective in failing to preserve his claims was barred because that claim had not been raised first in the trial court. Every claim that Alcorn had regarding insufficient evi-

dence was held precluded because his attorney had not properly raised objections or moved for a directed verdict.

The district court also refused to address Alcorn's claims because they were barred from state court consideration. Moreover, the court refused to allow the petitioner a hearing to determine whether cause for the procedural default and actual prejudice resulting from preclusion existed, which would have justified the court in hearing the claims. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

▮ In the briefs and arguments before this Court, respondent did not raise the issue of exhaustion of available state remedies. 28 U.S.C. § 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, the rule in this Circuit is that the issue of exhaustion of state remedies may not be waived or conceded. *Bowen v. Tennessee,* 698 F.2d 241, 243 (6th Cir.1983) (en banc). Thus, the case must be dismissed, *sua sponte,* if it appears that Kentucky provides a remedy by which petitioner's complaints may be addressed.

Kentucky Rules of Criminal Procedure, Rule 11.42(1) provides:

> (1) A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

Although the petitioner did not raise incompetency of counsel in this Court as a substantive ground for relief, he asserted it provided cause and prejudice to justify the district court in hearing his petition. He raised the issue merely to justify his failure to move for a directed verdict at trial for the state's failure to prove a necessary element of the persistent felon charge—*i.e.,* the petitioner's age at the time he committed a prior felony. We must consider whether, under the circumstances of this case, the petitioner has adequately present-

ed this claim to the state courts and satisfied the requirement that one exhaust available state remedies.

 Once the state's highest court passes on the merits of a claim, the claim meets the exhaustion requirements. *Irvin v. Dowd,* 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Wiley v. Sowders,* 669 F.2d 386, 388 (6th Cir.1982). The exhaustion requirement is satisfied when the federal claim is "fairly presented" to the state court. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). It is essential, however, that the petitioner bring the substance of the claim upon which he relies to the attention of the state courts. *Id.* at 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438; *Meeks v. Jago,* 548 F.2d 134 (6th Cir.1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Thus, where the claim has been "squarely raised" in an appellee court but the court ignores the federal constitutional claim in its opinion, exhaustion requirements are satisfied. *Smith v. Digmon,* 434 U.S. 332, 333, 98 S.Ct. 597, 598, 54 L.Ed.2d 582 (1978) (*per curiam*).

 Although the petitioner "squarely raised" the issue of sufficiency of the evidence to the Kentucky Supreme Court, and thus exhausted his state remedies on that issue, he did not present that court with the substance of his claim that his procedural default should be excused to prevent injustice or because his counsel was inadequate. The petitioner did raise this claim on motion for rehearing. Petitions for rehearing, however, are generally limited to consideration of issues argued on appeal. Ky. Civil Rule 76.32(1)(b). This Court has held that raising an issue in a petition for rehearing on appeal does not constitute exhaustion of state remedies. *Weigand v. Wingo,* 380 F.2d 1022, 1023 (6th Cir.1967).

The correct procedure under Kentucky law for raising this claim would have been for the petitioner to attack his conviction directly in the trial court under R.Cr. 11.42. *See Richardson v. Howard,* 448 S.W.2d 49, 50 (Ky.1969); *Brown v. Wingo,* 396 S.W.2d 785, 786 (Ky.1965). R.Cr. 11.42 is a remedy patterned after 28 U.S.C. § 2255, the post-

conviction remedy for federal prisoners. *Collier v. Commonwealth,* 387 S.W.2d 858, 859 (Ky.1965). Kentucky law affords the petitioner an adequate opportunity to raise the claim that his procedural default should be excused. Under *Stone v. Commonwealth,* 456 S.W.2d 43, 44 (Ky.1970), a conviction may be set aside despite a procedural default for any defect which prejudices the substantial rights of a defendant, R.Cr. 9.26, or which results in "manifest injustice." Kentucky courts may also consider claims that constitutional violations affected the fundamental fairness of a trial, *see Dupin v. Commonwealth,* 404 S.W.2d 280 (Ky.1966), or that the judgment was void for "certain extreme irregularities" such as ineffective assistance of counsel, *see Rice v. Davis,* 366 S.W.2d 153, 155 (Ky.1963). The petitioner has *not* demonstrated that exhaustion requirements should be excused under 28 U.S.C. § 2254(b) because the state corrective process is "ineffective to protect the rights of the prisoner."

Nor has the petitioner squarely presented to the Kentucky courts his claim that they should hear his claims despite the procedural default to prevent a "manifest injustice." *See Rachel v. Bordenkircher,* 590 F.2d 200, 203 (6th Cir.1978) (exhaustion requirements satisfied where Kentucky's highest court rejected "manifest injustice" claim to excuse a procedural default). The Kentucky courts have in place an adequate procedure to permit the petitioner to present his claim that his default should be excused. If they refuse to consider the claims because of procedural rules, the petitioner's access to federal courts would be unimpaired.

The Kentucky courts have not addressed the merits of the petitioner's claim and have not had the opportunity to fully consider whether the circumstances of this case warrant excuse of procedural rules. The Supreme Court has stressed that state courts should have "the first opportunity to review all claims of constitutional error." *Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982). Considerations of federalism require that the Kentucky courts be allowed a full op-

portunity to consider the substance of the petitioner's claim. Allowing the state courts the opportunity to address the claims through the avenues still open to the habeas applicant will prevent state courts from being isolated from constitutional issues and encourage "their understanding of and hospitality to federally protected interests." *Braden v. Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127–28, 35 L.Ed.2d 443 (1973) (quoting Note, *Developments in the Law—Federal Habeas Corpus,* 83 Harv.L.Rev. 1038, 1094 (1970)).

It is important that the state courts have the first opportunity to address the legal questions in this case and to consider the remedies available for correcting legal errors. It would therefore be inappropriate for this Court to discuss further the legal issues presented in this petition. Accordingly, we vacate the judgment of the district court and remand the case with instructions to dismiss the petition without prejudice and allow the petitioner to raise his claims in state postconviction proceedings.