**James Don BARR, Petitioner,**

v.

**LAWRENCEBURG POLICE DEPART-MENT, et al., Respondents.**

**Civ. A. No. 3–84–0507.**

United States District Court,
M.D. Tennessee,
Nashville Division.

May 15, 1984.

James Don Barr, pro se.

William Leech, Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDA OPINIONS, ORDERS, AND CERTIFICATE

NEESE, Senior District Judge.

The petitioner Mr. James Don Barr, a pretrial detainee in the Lawrence County jail in Lawrenceburg, Tennessee while awaiting trial on charges of unlawful possession of a controlled substance and fraud, seeks the federal writ of habeas corpus.* 28 U.S.C. § 2254. Mr. Barr asserts as grounds therefor: (1) that he was arrested unlawfully on April 19, 1984; (2) that, on the following day, law-enforcement officers promised him "favors for information"; (3) that he was incarcerated for four days without bond; and (4) that his ($10,-000) bond is excessive. The petitioner makes no claim that he has presented these grounds to the courts of Tennessee.

■ It is elementary that a state-prisoner must exhaust his available state-remedies, by presenting his federal constitutional claims to the state courts, as a condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830[2], 36 L.Ed.2d 439 (1973). The exhaustion doctrine springs from considerations of comity between the states and the federal government and is designed "'* * * to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. * * * '" *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971); *accord: Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982), the rule in this Circuit being that the exhaustion-doctrine may not be conceded or

waived but must be considered by the Court *sua sponte.* *Alcorn v. Smith,* 724 F.2d 37, 39 (6th Cir.1983).

■ Mr. Barr has available to him procedures for presenting his federal-claims to the courts of Tennessee. Rule 12(b), Tenn. R.Crim.P.; T.C.A. § 40–11–106(b)(2); T.C.A. § 40–11–144(a), (b). Since he has not attempted to utilize those procedures, his application in this Court must be dismissed *sua sponte.* *Alcorn v. Smith, supra.*

It appearing plainly on preliminary consideration, Rule 4, 28 U.S.C. fol. § 2254, from the face of the applicant's petition that he is entitled to no relief now in this Court, it hereby is

ORDERED:

(1) that his petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and,

(3) that copies of such petition be served with copies of this order forthwith by certified mail on the sheriff of Lawrence County, Tennessee and the attorney general and reporter of the state of Tennessee, *id.*

Should the applicant give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P. As the petitioner makes no claim that he exhausted his available state-remedies, such certificate will NOT issue. *Id.*

---

* Annexed to the applicant's petition is his affidavit that he is unable to pay the costs of this proceeding or give security therefor and his statement that he is entitled to redress. 28 U.S.C. § 1915(a). He hereby is AUTHORIZED, therefore, to commence and prosecute this proceeding without prepayment of fees or costs or giving security therefor. *Id.*