**Wendell E. HOOD, Petitioner,**

v.

**Warden Howard COOK, et al.,
Respondents.**

Civ. A. No. 3:84–1200.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 16, 1984.

Wendell Eugene Hood, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

### MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

This is an application by the petitioner Mr. Wendell E. Hood for the federal writ of habeas corpus. 28 U.S.C. § 2254(a). Mr. Hood, who is in custody within this district, was convicted in the Circuit Court of Carroll County, Tennessee (on his plea of guilty) of "arson of personal property" on April 9, 1984. This Court, however, may

not now consider the applicant's claims that his conviction was in violation of the Constitution because he has not given the courts of Tennessee the initial opportunity to pass-upon and correct those alleged errors.

■ It is elementary that a state prisoner must exhaust his available state-remedies by presenting his federal-constitutional claims to the state-courts as a condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830[2], 36 L.Ed.2d 439 (1973). The exhaustion-doctrine springs from considerations of comity as between the states, on the one hand, and the federal government, on the other, and is designed " * * * to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. * * *" *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). This rule is to be enforced rigorously and must be considered by the Court *sua sponte. Alcorn v. Smith,* 724 F.2d 37, 39 (6th Cir. 1983).

■ The requirement, that an applicant for the federal writ of habeas corpus have exhausted his state remedies prior to seeking relief by way of federal habeas corpus procedure, means that every ground raised in Mr. Hood's petition herein must have been presented fairly to the Supreme Court of Tennessee; otherwise, the petition must be dismissed in its entirety. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Bowen v. State of Tennessee,* 698 F.2d 241, 243–244[2] (6th Cir., en banc 1983). The burden of showing compliance with the exhaustion-rule is on the petitioner. *Clonce v. Presley,* 640 F.2d 271, 273[2] (10th Cir.1981); *Baldwin v. Lewis,* 442 F.2d 29, 35[4] (7th Cir.1971).

■ Mr. Hood makes no claim of having presented any of the grounds raised herein to any court of Tennessee, much less to its highest Court. As an explanation for his failure to pursue his state-remedies, the petitioner states that his lawyers " * * * expressed it wouldn't help and result in no

good. * * *" That, however, is not sufficient to excuse nonexhaustion: " * * * Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile. * *" *Eaton v. Wyrick,* 528 F.2d 477, 482[14] (8th Cir.1975).

State courts, the same as federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law, *Stone v. Powell,* 428 U.S. 465, 493, n. 35, 96 S.Ct. 3037, 3052, n. 35, [8], 49 L.Ed.2d 1067 (1976); and, in the absence of some reason to believe differently, this Court must assume that, if Mr. Hood's conviction was a product of a violation of the federal Constitution, the courts of Tennessee will be receptive to his claims. The petitioner must present his claims herein to the courts of Tennessee under that state's Post-Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq.,* before resorting to this Court. *Parker v. Rose,* 728 F.2d 392, 394–395 (6th Cir.1984).

The petition herein hereby is

DISMISSED under Rule 4, 28 U.S.C. fol. § 2254, for the failure of the petitioner to have exhausted his available state-remedies. Inasmuch as there has been no effort whatsoever to comply with the exhaustion rule, a certificate of probable cause shall NOT issue. 28 U.S.C. § 2253; Rule 22(b). F.R.App.P.