**Leon ALCORN, Petitioner,**

v.

**Steve SMITH, Warden, Kentucky State Reformatory, Respondents.**

**Civ. A. No. 80–55.**

United States District Court,
E.D. Kentucky,
Lexington Division.

Nov. 14, 1986.

M. Gail Robinson, Kevin M. McNally, Asst. Public Advocates, Frankfort, Ky., for petitioner.

Rickie J. Pearson, Asst. Atty. Gen., Com. of Kentucky, Frankfort, Ky., for respondents.

WILHOIT, District Judge.

The Court is in receipt of the Report and Recommendation of the United States Magistrate, Joseph M. Hood, to whom this matter was referred pursuant to 28 U.S.C. 636(b)(1)(A), (B), and (C). Magistrate Hood was of the opinion that (1) the writ of habeas corpus should issue; (2) Mr. Alcorn's conviction as a persistent felony offender should be set aside; and (3) he should be resentenced on the principal offense of first-degree sodomy and third-degree assault.

In light of the checkered career this action has seen, it is not surprising that both the petitioner and the respondents have filed objections to the Magistrate's Report and Recommendation. Before examining those objections, the Court will briefly summarize the history of this action:

1. On August 30, 1976, petitioner was convicted of first-degree sodomy and third-degree assault in the Fayette Circuit Court for which he received sentences of 12 months and 10 years, respectively. Since he had also been convicted of two prior offenses (storehouse breaking and knowingly receiving stolen property), petitioner was also found guilty of being a persistent felony offender, and a sentence of fifty (50) years was imposed for that offense.

2. On October 28, 1977, the Kentucky Supreme Court affirmed petitioner's conviction for the above offenses. See Alcorn v. Commonwealth, 557 S.W.2d 624.

3. In his motion to the Kentucky Supreme Court for a rehearing, petitioner raised for the first time that he had had ineffective assistance of counsel during his trial in the Fayette Circuit Court. On December 9, 1977, the Kentucky Supreme Court denied his motion for a rehearing.

4. On April 11, 1980, Mr. Alcorn's petition for a writ of habeas corpus under 28 U.S.C. 2254 was filed in this Court.

5. The Court considered the Report and Recommendation of Magistrate James F. Cook, the objections thereto, and on September 9, 1982, the Court denied Mr. Alcorn's petition and dismissed this action.

6. Petitioner sought review of this action by the United States Court of Appeals for the Sixth Circuit. On December 20, 1983, the Sixth Circuit vacated the judgment and remanded the action with instructions that this court dismiss Mr. Alcorn's petition without prejudice so that he could present his argument to the Kentucky Supreme Court that his procedural default should be set aside due to the manifest injustice it imposed on him for having been convicted of being a persistent felony offender absent sufficient proof by the Commonwealth of Kentucky. Mr. Alcorn alleged that the Commonwealth failed to prove one of the essential elements of the PFO offense (that Mr. Alcorn was eighteen at the time he committed the two prior offenses on which the PFO conviction was based). Furthermore, his counsel failed to move for a directed verdict on the PFO charge due to this insufficient proof. The Sixth Circuit pointed out that if the Kentucky courts refused to consider petitioner's claims because of the procedural rules, then petitioner would still have access to the federal courts. See Alcorn v. Smith, 724 F.2d 37 (6th Cir.1983).

7. On August 23, 1984, this Court entered an Order in conformity with the Sixth Circuit's foregoing opinion, which vacated the Court's previous judgment, dismissed the petition without prejudice and gave pe-

titioner leave to proceed to raise his claims in state post-conviction proceedings.

8. Subsequently, Mr. Alcorn filed a petition for a writ of certiorari with the United States Supreme Court, which was granted on February 25, 1985. On motion of the petitioner, on April 26, 1985, the United States Supreme Court vacated the judgment of the United States Court of Appeals for the Sixth Circuit and remanded the action for further proceedings.

9. Consequently, the Sixth Circuit again reviewed this matter on remand from the United States Supreme Court. Concerning petitioner's claim of ineffective assistance of counsel, the Court concluded that incompetence of counsel should be sufficient to justify habeas review despite a procedural default and again remanded the action to this Court for a hearing on cause for the procedural default. *See Alcorn v. Smith*, 781 F.2d 58 (6th Cir.1986).

10. On March 18, 1986, a status conference was held before United States Magistrate Joseph M. Hood, who gave the respondents ten days in which to respond to petitioner's supplemental exhibits and took the matter under advisement.

11. On March 26, 1986, the respondents moved to waive any evidentiary hearing; the petitioner responded and agreed that there was no need for any hearing of this nature.

12. On April 2, 1986, Magistrate Hood entered his Report and Recommendation, wherein, as previously noted, he recommended that petitioner's conviction as a persistent felony offender be set aside and that he be resentenced on the principal offense of first-degree sodomy and third-degree assault.

In light of the course this action has followed, the Magistrate's Report and Recommendation, and the objections filed thereto by both the petitioner and the respondents, the Court has reviewed this record *de novo*. In particular, the Court has closely examined the transcript of the proceedings in the Fayette Circuit Court in relation to petitioner's trial on the Persist-ent Felony Offender charge (Tr. pp. 135–150).

In applying the law to these facts, the Court is guided by *Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), wherein the United States Supreme Court reviewed at length the history of procedural defaults and the standards by which a federal habeas corpus court should consider a procedural default occurring in the state trial court.

The *Murray* Court recounted the types of procedural default found in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Both cases involved claims that were procedurally defaulted at trial. In tracing the "procedural default" history, the *Murray* Court stated as follows:

> *Wainwright v. Sykes* held that a federal habeas corpus petitioner who has failed to comply with a State's contemporaneous-objection rule at trial must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim. 433 U.S., at 87, 97 S.Ct., at 2506–07.

*Murray v. Carrier, supra,* 106 S.Ct. at 2644.

The *Wainwright* Court left open "for resolution in future decisions the precise definition of 'cause-and-prejudice' standard." 433 U.S., at 87, 97 S.Ct. at 2507.

Five years later, the Court had occasion to again consider the cause-and-prejudice test in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Upon quoting a lengthy passage from *Engle*, the *Murray* Court concluded as follows:

> The thrust of this part of our decision in *Engle* is unmistakable: the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.

*Murray, supra,* 106 S.Ct. at 2645.

The Court thus declined to establish a cause standard in regard to a procedural

default that rested upon the distinction between "inadvertence", "ignorance", or "tactics." Instead, the Court thought "that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, at 2646. In addition "[i]neffective assistance of counsel ... is cause for a procedural default." *Id.* at 2646. The principal of comity, however, demands that a claim of ineffective assistance of counsel first be adjudicated in the state court system.

Thus before this Court can consider a procedural default in a habeas corpus proceeding, it is necessary that the petitioner establish cause by demonstrating either an objective, external factor or ineffective assistance of counsel. The state has already considered the issue of ineffective assistance of counsel, so the petitioner has exhausted his state remedies as the principle of comity demands. Although petitioner and respondents waived an evidentiary hearing in March of 1986, this Court is of the opinion that in light of the subsequent eludication of the cause standard by the United States Supreme Court in *Murray v. Carrier, supra,* in June of 1986, this action must be referred to the Magistrate for a cause-and-prejudice hearing under the *Murray* standard.

At this evidentiary hearing, the petitioner will also have to demonstrate prejudice, which is the other prong of the *Wainwright/Engle* test for a federal court to consider a procedural default in a state court proceeding. "The habeas petitioner must show 'not merely that errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 2649 quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). In a habeas corpus petition challenging a state court conviction, the challenger must demonstrate both cause and prejudice. *Id.*

The respondent, in his objections to the Magistrate's April 2, 1986, Report and Recommendation, argues that there was no prejudice since Alcorn was in fact over eighteen at the time of his indictment for storehouse breaking. If Alcorn's attorney had moved for a directed verdict, the prosecutor could have reopened the Commonwealth's case-in-chief in order to admit a copy of Alcorn's 1970 indictment for storehouse breaking thus the complaint of procedural default could have been cured at that time and place. *See Marshall v. Commonwealth,* 625 S.W.2d 581 (1981). The petitioner will have to counter this contention in his showing of prejudice at the cause and prejudice hearing.

In *Murray* the Supreme Court does indicate, however, that in rare instances the showing of cause may not be essential for federal court review: "we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for a procedural default." *Murray, supra,* 106 S.Ct. at 2650. The case *sub judice* is not one of "actual innocence", as indicated by the stipulation entered in the record on March 26, 1986:

1. That petitioner was indicted for storehouse breaking alleged to have occurred "on or about November 11, 1969," pled guilty to that offense and was sentenced to one year in prison on March 2, 1970.

2. That petitioner was thereafter convicted of knowingly receiving stolen property pursuant to a guilty plea and sentenced to one year in prison on February 22, 1973. That offense was committed after the offense of storehouse breaking.

3. Petitioner testified at trial that his date of birth was September 8, 1951 (Transcript of Evidence 51).

Record No. 28.

Additionally, the trial transcript itself demonstrates that such a miscarriage of justice did not occur in this instance. Upon

careful review of said transcript, the Court finds that there are several references to the fact that petitioner was eighteen years old at the time he committed the two previous felonies on which the PFO charge was based, as follows:

In his opening statement, at Tr. pp. 136–137, Commonwealth Attorney John Famularo stated:

> We will show to you, ladies and gentlemen, from various testimony and various court exhibits that will be introduced, that on two prior occasions, in 1970p (sic) and in 1973, the defendant, Leon Alcorn, being 18 years or older at that time, committed two felonies; ...

The Commonwealth then proceeded to call a court administrator and deputy circuit court clerk, Donald G. Taylor, to testify as to the authenticity of the court records pertaining to petitioner's two previous convictions on the two previous felony charges.

The Commonwealth called no other witnesses, and the defendant called no witnesses and presented no rebuttal evidence during the PFO phase of petitioner's trial.

The trial court then instructed the jury on the Persistent Felony Offender charge, at Tr. pp. 141–143, as follows:

> ... You shall find the defendant guilty as a persistent felony offender under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> (a) That the defendant was convicted of Storehouse Breaking by a final judgment of the Fayette Circuit Court entered on or about March 2, 1970;
>
> (b) That he was more than 18 years of age at the time he committed the crime of which he was so convicted;

Furthermore, in the Commonwealth's closing argument, at Tr. pp. 144–145, Mr. Famularo stated:

> ... You will note that in your instructions that the elements of course must be met. Each of those elements must be met by documents which have been introduced into court. I think it will become

apparent to you that they have been met. In March of 1970 defendant would have been 18 years of age, going into his 19th year. He received a one-year sentence and as Mr. Taylor told you, he was actually confined at the reformatory on that conviction.

From the foregoing trial transcript, it is quite clear that the Commonwealth Attorney and Judge L.T. Grant were well aware that the Commonwealth had to prove that Mr. Alcorn was at least eighteen years old at the time he committed the offenses of storehouse breaking and knowingly receiving stolen property.

In discussing the ramifications of procedural defaults occurring either from counsel's ignorance/inadvertence or from a deliberate tactical decision, the *Murray* Court declined to recognize a distinction between the two and reaffirmed the cause-and-prejudice standard, as set forth below:

> ... That standard rests not only on the need to deter intentional defaults but on a judgment that the costs of federal habeas corpus review "are particularly high when a trial default has barred a prisoner from obtaining adjudication of his constitutional claim in the state courts." *Engle,* 456 U.S., at 128 [102 S.Ct., at 1572]. Those costs, which include a reduction in the finality of litigation and the frustration of "both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights," *ibid.,* are heightened in several respects when a trial default occurs: the default deprives the trial court of an opportunity to correct any error without retrial, detracts from the importance of the trial itself, gives the appellate courts no chance to review trial errors, and "exacts an extra charge by undercutting the State's ability to enforce its procedural rules." *Id.,* at 129 [102 S.Ct., at 1572]. Clearly, these considerable costs do not disappear when the default stems from counsel's ignorance or inadvertence rather than from a

deliberate decision, for whatever reason, to withhold a claim.

*Murray, supra,* at 2645.

The petitioner takes no issue with the Magistrate's recommendation that his petition for habeas corpus be granted; however, petitioner does object to the Magistrate's conclusion that there was sufficient evidence of record to support his conviction of first-degree sodomy and that petitioner was not prejudiced by the failure of his counsel to move for a directed verdict to dismiss the sodomy charge. Based on the record below, the Court finds no merit in petitioner's objections.

In conclusion, based on (1) the transcript of petitioner's Persistent Felony Offender trial and (2) the authority of *Murray v. Carrier, supra,* the Court is of the opinion that this action must be returned to the United States Magistrate, pursuant to the Court's referral Order of February 14, 1986, for the purpose of conducting an evidentiary hearing. Under the standard of *Murray,* the Magistrate is to determine whether the petitioner can demonstrate cause for the procedural fault—either by showing an objective, external factor or ineffective assistance of counsel. In addition the petitioner must demonstrate prejudice under the *Frady* guideline.

The Court being sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED, as follows:

1. The petitioner's objections to the Magistrate's Report and Recommendation are OVERRULED.

2. The respondents' objections to the Magistrate's Report and Recommendation are SUSTAINED.

3. The Court adopts in part and declines to adopt in part the Magistrate's Report and Recommendation.

4. The Court adopts the conclusion of the Magistrate that petitioner's first-degree sodomy conviction was based on sufficient evidence of record and the Magistrate's recommendation that petitioner is not entitled to habeas corpus relief on this conviction.

5. The Court declines to adopt the recommendation of the Magistrate that Mr. Alcorn's petition for a writ of habeas corpus should issue and that he be resentenced on the principal offense of first-degree sodomy and third-degree assault.

6. The petition of Leon Alcorn for a writ of habeas corpus is TAKEN UNDER ADVISEMENT pending the outcome of the evidentiary hearing to be conducted by the Magistrate.

7. This action is REFERRED to United States Magistrate Joseph M. Hood, pursuant to 28 U.S.C. 636(b)(1)(A), (B), and (C), for the purpose of conducting an evidentiary hearing and for a Report and Recommendation subsequent thereto.