**In re BUCKINGHAM SUPER MARKETS, INC.**

**Appeal of BROWN et al.**

**No. 75–1853.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument March 19, 1976.

Decided April 13, 1976.

Edward T. Minor and Kenneth J. Loewinger, Washington, D. C., were on the brief for appellants.

Alan S. Kerxton, Washington, D. C., was on the brief for appellee.

Before TAMM and LEVENTHAL, Circuit Judges, and CHRISTENSEN,* Senior

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

District Court Judge for the Middle District of Utah.

PER CURIAM:

In an involuntary bankruptcy proceeding, wherein Buckingham Super Markets, Inc. was adjudged a bankrupt. Appellants, landlords, filed a preferred claim and an unsecured claim. Both were disallowed by the Bankruptcy Judge. On March 18, 1975, the District Judge entered an order denying the appeal from the Bankruptcy Judge's decision. In May, 1975, appellants retained new counsel, to handle an appeal from the order of the District Judge, and on May 14, new counsel filed a motion for extension of time to file this appeal. That motion was granted, by endorsement on the motion, on May 21. On July 9, 1975, after reconsideration and argument, the District Judge vacated the order of May 21. An appeal was noted from that order.

The District Judge did not identify his reason for denying extension of time to appeal. Appellee argued that he was without jurisdiction to grant extension by an order entered after the 60-day time to appeal had expired, even though application for extension was made within the 60-day period. If that was the basis of the July 9 order, we cannot agree.

We agree with the various decisions holding that if a motion is made within the 60-day period for the appeal, an order can be entered after the expiration of that period which is effective to extend the time of appeal.[1] Our own opinion in *Conway v. Pennsylvania Greyhound Lines,* 100 U.S. App.D.C. 95, 243 F.2d 39 (1957), though not precisely on point, identifies the salient considerations. While there is some authority to the contrary,[2] we do not think it is sound.

Appellee argues that the order appealed from is also sustainable on the ground that appellant did not make an adequate showing of excusable neglect. If

that ground was or will be relied on by the District Judge, we would not reverse his exercise of discretion. But the issue is in doubt as to whether that was how he intended to exercise his discretion, or would be the way he would exercise his discretion if he appreciated there was no jurisdictional constraint. Accordingly, if the District Judge reaffirms his order of July 9 on the ground that there was no adequate showing of his excusable neglect, that should end the matter for we think that lies within his discretion. If he reverses the order of July 9, an appeal will ensue in due course.

Remanded for further proceedings not inconsistent with this opinion.

*So ordered.*

---

1. *Pasquale v. Finch,* 418 F.2d 627 (1st Cir. 1969); *C-Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952 (2d Cir. 1968); *Reed v. Michigan,* 398 F.2d 800 (6th Cir. 1968), *Evans v. Jones,* 366 F.2d 772 (4th Cir. 1966); *cf. Torockio v.*

*Chamberlain Mfg. Co.,* 456 F.2d 1084 (3d Cir. 1972).

