In re BUCKINGHAM SUPER MAR-
KETS, INC., a corporation
alleged bankrupt.

Appeal of Sidney BROWN, Jack Eden
and Jack Brown.

In re BUCKINGHAM SUPER MAR-
KETS, INC., a corporation
alleged bankrupt.

Appeal of Alan S. KERXTON.

Nos. 77–2116, 78–1013.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 8, 1978.

Decided Feb. 15, 1980.

Mark P. Friedlander, Washington, D. C., for appellant.

Alan S. Kerxton, Washington, D. C., for appellee.

Before LEVENTHAL * and ROBB, Circuit Judges and BRYANT, ** Chief Judge, United States District Court for the District of Columbia.

Opinion for the Court filed by Chief Judge BRYANT.

BRYANT, Chief Judge:

This case is before the court on the cross appeals of a trustee in bankruptcy who challenges the district court's finding of excusable neglect as a basis for extending time for appeal in accordance with the provisions of Rule 4(a) Fed.R.App.P.;[1] and the

---

* Judge Leventhal concurred in this opinion but died before it was announced.

** Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. Rule 4 Fed.R.App.P. at the time provided:
   (a) Appeals in Civil Cases. In a civil case (including a civil action which involves an admiralty or maritime claim and a proceed-ing in bankruptcy or a controversy arising therein) in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of

landlord of the bankrupt who urges reversal of an order disallowing his claims for overdue rent on the ground of failure of proof of a legal interest as a creditor.

Sidney Brown, Jack Brown and Sam J. Eden acquired title to a shopping center on November 30, 1970. The property was conveyed to the three named individuals and their wives. At or about the time of the transfer these individuals began trading as Brentwood Associates, a copartnership.

Buckingham Super Markets, Inc., occupants of part of the premises and a tenant since 1950 under various leases from prior owners, began paying its rent to Sam J. Eden Management. The rent fell into default and when Buckingham was adjudged an involuntary bankrupt on January 2, 1973, $17,810.39 was already due and owing. After the adjudication in bankruptcy, proofs of claim in the name of Brentwood Associates were filed which asserted the landlord's lien for three months' rent as a preferred item in the amount of $4,522.50 and an unsecured claim for the balance. Though conceding that the total amount was overdue, the trustee in bankruptcy did object to the amount submitted as a preferred claim.

During a July 30, 1974 hearing on the matter the Bankruptcy Judge, sua sponte, informed the claimant that there was insufficient proof to establish Brentwood Associates as the real party in interest, i. e., the landlord, and allowed 10 days for the production of further proof in support of the claim. On August 6, 1974 the landlord submitted certified copies of deeds which traced the record ownership of the premises to the claimant.[2] The last lease filed with the proof of claim was executed between Basic Properties, one of claimant's predecessors in the chain of title, as lessor and the bankrupt. Nevertheless the Bankruptcy Judge disallowed both the unsecured claim and the preferred claim in toto on the ground that the landlord named in the proof of claim had failed to adduce proof that he was a proper creditor to claim the rent. On appeal to the United States District Court this ruling was affirmed by an order entered on March 18, 1975. A notice of appeal from the district court's March 18 order was not filed within the 30-day period subsequent to its date of entry, but on May 14, 1975 new counsel for Brentwood Associates filed in the district court a Motion for Extension of Time to File Appeal. The motion was granted on May 21, 1975 but

such entry. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

.    .    .    .    .

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

2. A memorandum for the District Court submitted by Manuel Auerbach, attorney for claimants, on August 8, 1974, reads as follows:
In accordance with the permission of the Court on July 30, 1974 granting Sidney J. Brown, et al t/a Brentwood Associates additional time within which to present ownership of their claim, your claimants present

herewith to the Court the following, certified copies of deeds tracing the record ownership of the property wherein the claim arose:
1. Deed, dated September 10, 1963 from Basic Properties, Inc. to Lucore, Inc. recorded September 18, 1963 at Liber 12071, folio 443 of the Land Records of The District of Columbia.
2. Deed, dated March 8, 1968 from Lucore, Inc. to Relocation Housing Corp., recorded March 12, 1968 at Liber 12860, folio 234 of the Land Records of The District of Columbia.
3. Deed, dated November 30, 1970 from Relocation Housing Corp. to Sam J. Eden and Esther Eden as to an undivided 10% interest; to Jack Brown and Helene Brown as to an undivided 15% interest and to Sidney J. Brown and Sarah Brown as to and [sic] undivided 75% interest; said deed being recorded November 30, 1970 at Liber 13163 folio 385 of the Land Records of The District of Columbia.
Said three exhibits are attached hereto and made a part hereof.

after a hearing on the trustee's motion for reconsideration the district court on July 9, 1975 vacated its order of May 21 and instead entered an order which denied the motion.

In due course this matter reached us on appeal. Inasmuch as the basis for the trial court's action was not articulated we remanded the case for a determination as to whether excusable neglect existed, *In re Buckingham Super Markets, Inc.*, 175 U.S. App.D.C. 239, 240, 534 F.2d 976, 977 (D.C. Cir. 1976). After hearing on remand the court found that the delay in appealing from its March 18, 1975 order had resulted from misunderstanding and confusion, and thus constituted excusable neglect, and on November 10, 1977, entered an order which allowed the present appeal. On December 5, 1977 the trustee in bankruptcy noted his appeal from this latest order.

Two issues are thus presented. The first is whether the District Judge abused his discretion in finding excusable neglect in appellants' delay in noting their appeal. Assuming the extension of time could be properly granted, we must then consider whether the District Judge correctly approved the order of the Bankruptcy Judge.

At the hearing on remand Mr. Manuel Auerbach, appellants' attorney who represented them in the bankruptcy proceeding and in the initial appeal to the district court, testified that after the adverse ruling of March 18, he informed one of the appellants, Mr. Sidney Brown, that since he was a "one-man shop," he would not be in a position to go forward on the appeal, and that appellants should therefore retain other counsel to proceed further.[3] There was apparently a misunderstanding at this point as to who was to note the appeal. On prior similar occasions in representing Mr. Brown, Mr. Auerbach had filed the notice of appeal and other counsel had followed through on it, but in this case he thought that the new attorney would both file and prosecute the appeal.[4] Mr. Brown, mean-

while, apparently operated under the belief that Mr. Auerbach had been requested to and had consented to note the appeal as in the past. Mr. Auerbach had no recollection of such a request and attributed the entire incident to a misunderstanding.[5] New counsel was finally contacted by appellants in early May, more than 30 days after the March 18 order but early enough to enable this latter attorney to file the notice of appeal within the 60-day period for the appeal. It was in light of these circumstances that the District Judge found excusable neglect and thus permitted the filing of the notice of appeal at this late date.

The history of Rule 4(a) indicates that the excusable neglect standard has been applied with diminishing rigidity, and while extensions of time thereunder are not granted as a matter of course, they are available upon the proper showing. The civil rules did not provide for extensions of time for appeal at all until 1946. From then until the 1966 amendment, former Rule 73(a), Fed.R. Civ.P., permitted an extension of 30 days for filing a notice of appeal in a civil case only "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment." *See* 9 *Moore's Federal Practice* ¶ 204.13[1], at 968–69 (1975 ed.). The 1966 amendment to this exception changed it to read simply "upon a showing of excusable neglect." The Advisory Committee Notes to this amendment to former Rule 73(a) recognize that failure to learn of the entry of judgment will constitute excusable neglect, but do not indicate what further grounds satisfy the standard, other than to emphasize that the district court should exercise its discretion to grant extensions of time "where injustice would otherwise result." Most recently, the Supreme Court again amended the rule, effective August 1, 1979, to provide that time for appeal may be extended "upon a showing of excusable neglect *or good cause*." Fed.R. App.P. 4(a)(5), (amendment emphasized). The District Judge in the present case

---

**3.** Appendix (App.) 28, 32.

**4.** App. 28.

**5.** App. 28, 36.

granted the extension to appellants based solely on his finding of excusable neglect, so the recent amendment does not apply squarely to this case. It does reflect, though, a continuation of the trend toward flexibility in the granting of extensions.

■ In our previous order [6] we expressed our inclination to defer to the exercise of discretion by the District Judge if he found that excusable neglect had accounted for the delay in the filing of appellants' motion. Following the remand, he concluded, based on his hearing into this question, that in the totality of the circumstances the misunderstanding between counsel and client represented a sufficient foundation for a showing of excusable neglect.[7] This result comports with those decisions holding that similar confusion can satisfy the excusable neglect standard.[8] This is not to suggest that any claim of confusion, mistake of law, or misunderstanding by counsel will rise to the level of excusable neglect.[9] This court is cognizant of the relatively strict standard contemplated under Rule 4(a) and the policy considerations to be served by it, and we intend no deviation therefrom. But it is our view that in the relatively unique circumstances of this case the District Judge could properly find that the standard had been met, and that his determination of the matter does not reflect an abuse of discretion.

■ As to the merits, we are unable to discern what element of proof the Bankruptcy Judge considered lacking from appellants' claim. The essential facts are undisputed. Appellants, trading as Brentwood Associates, a partnership, filed a proof of claim for unpaid rent in the bankruptcy proceeding for Buckingham. This proof of claim was based on rent accruing under a written lease originally executed between the bankrupt corporation and the named lessor, Basic Properties, Inc., a predecessor of Brentwood Associates. The Bankruptcy Judge, sua sponte, informed appellants that their claim was defective on its face because there was no showing that Brentwood Associates was the real party in interest, apparently because none of the existing leases to which Buckingham was a party also listed the landlord as Brentwood Associates by name. To support their position, appellants as claimant supplied deeds showing that title to the property leased to Buckingham had been conveyed to the three partners who composed the claimant partnership along with their wives as tenants in the entirety. They demonstrated as well that collections of rent through one of the partners had continued from the time of the acquisition of the property by the appellants until the adjudication in bankruptcy. Thus, Brentwood Associates and appellants were shown to be one and the same. Moreover, appellee conceded at oral argument that he had no apprehension about the possibility of a double allowance because no second claimant exists here. Consequently, we are satisfied that appellants have shown their entitlement to the rent in question, and therefore reverse the order disallowing their claim.

Accordingly, we affirm the District Judge's November 10, 1977 order regarding excusable neglect, but reverse the March 18, 1975 order denying the appeal from the Bankruptcy Judge, which had the effect of affirming the disallowance of appellant's claim.

*So ordered.*

**6.** 534 F.2d at 977.

**7.** Memorandum, November 10, 1977, at 2.

**8.** *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979); *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1206–07 (5th Cir.) *cert. denied*, 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed. 344 (1978); *Feeder Line Towing Service,* *Inc. v. Toledo P. & W. R.R. Co.*, 539 F.2d 1107, 1108–09 (7th Cir. 1976); *Babich v. Clower*, 528 F.2d 293, 294–96 (4th Cir. 1975).

**9.** *See Wansor v. George Hantscho Co.*, 570 F.2d at 1207; *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976).