CERAMICA REGIOMONTANA, S.A., ET AL., PLAINTIFFS AND INTERNACIONAL DE CERAMICA, PLAINTIFF-INTERVENOR *v.* UNITED STATES, ET AL., DEFENDANTS, AND TILE COUNCIL OF AMERICA, DEFENDANT-INTERVENOR

Court No. 84–3–00387

Before RE, *Chief Judge.*

(Decided December 6, 1984)

*Brownstein, Zeidman and Schomer (Irwin P. Alstschuler, Steven P. Kersner* and *David R. Amerine),* for the plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director Commercial Litigation Branch (*A. David Lafer*), for the defendants.

*Wald, Harkrader & Ross (Noel Hemmendinger, Walter J. Spak* and *Jeffrey W. Carr),* for plaintiff-intervenor, Internacional de Ceramica, S.A.

*Howrey & Simon (David C. Murchinson, John F. Bruce, Kevin P. O'Rourke* and *Doris E. Long),* for defendant-intervenor, Tile Council of America, Inc.

RE, *Chief Judge:* Plaintiffs, Ceramica Regiomontana, S.A., and Industrias Intercontinental, S.A., initiated this action to challenge the final affirmative determination of a section 751 administrative review by the Department of Commerce's International Trade Administration (ITA) of its original countervailing duty order. The review was conducted pursuant to section 751 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675 (1982), and pertained to ceramic tile imported from Mexico, 49 Fed. Reg. 9,919 (1984). By Order of this Court, dated June 29, 1984, Internacional de Ceramica (Interceramica) and the Tile Council of America (TCA) were permitted to intervene in this action as plaintiff and defendant, respectively. *Ceramica Regiomontana, S.A.* v. *United States,* 7 CIT 390, Slip Op. 84–77 (June 29, 1984).

On September 13, 1984, TCA defendant-intervenor, moved for the disclosure of confidential documents contained in the administrative record pursuant to a protective order. *See* 19 U.S.C. § 1516A(b)(2)(B) (1982). With this motion, TCA submitted a proposed protective order. Defendant, United States, did not object to this motion. On September 24, 1984, Interceramica, plaintiff-intervenor, acceded to disclosure but filed its own suggested protective order. The original plaintiffs, however, did not respond to TCA's motion until October 26, 1984, when they filed a motion for an extension of time in which to respond. TCA opposes their motion for an extension of time.

Two questions are presented. First, whether the plaintiffs should be permitted to file an untimely response to TCA's motion; and second, since all parties consent to disclosure under a protective order, under what terms should the disclosure of the confidential material be permitted.

Rule 7(d) of the Rules of the Court of International Trade allows a party ten days in which to respond to a non-dispositive motion. Under Rule 6(b) of the Rules of this Court, a party may move for an extension of time. When the time for a response has already expired, however, an extension can be granted only "when for good cause shown, the delay in filing was the result of excusable neglect or circumstances beyond the control of the party."

The plaintiffs' motion for an extension of time states only that the responsive papers were prepared by September 24, 1984, and that, despite counsel's instructions that they be filed, they were never filed. Counsel states that, on that date, he left the country on business, and that his joining a new law firm "possibly" resulted in the papers never being received. This explanation offered by plaintiff's counsel is insufficient to demonstrate either "excusable neglect or circumstances beyond the control of the party."

The granting or withholding of an extension of time is within the court's sound discretion. *See In re Buckingham Supermarkets, Inc.,*

534 F.2d 976, 977 (D.C. Cir. 1976); 2 J. Moore, MOORE'S FEDERAL PRACTICE § 6.08 (2d ed. 1976). When an extension is sought after the due date, counsel must offer a reasonable explanation of the occurrences which constitute "excusable neglect or circumstances beyond the control of the party."

In moving for an extension, plaintiffs have not shown "good cause" or explained the circumstances which justify the granting of the requested extension. Instead, they have made the conclusory assertion that "all reasonable steps were taken by plaintiffs' counsel to prepare the document for timely filing * * *." No explanation is given to indicate why the other two attorneys whose names appear on the motion could not have undertaken the proper filing of the papers. Simply stated, a motion which requests an extension to respond to a motion, after the time for response has expired, must set forth sufficiently cogent reasons to indicate "good cause." The attempted explanation in this case is neither sufficiently specific nor persuasive to comply with the requirement of Rule 6(b) that the moving party demonstrate that "the delay in filing was the result of excusable neglect or circumstances beyond the control of the party."

It should also be noted that Rule 7(b) of the Rules of this Court requires that counsel attempt, in good faith, to reach an agreement on discovery issues before resorting to the court. On June 29, 1984, defendant-intervenor, TCA, sent a copy of the proposed order to the plaintiffs' counsel. TCA sent a follow-up letter on July 30, 1984. The plaintiffs' counsel did not respond to either letter. This seemingly uncooperative attitude in the discovery process militates against the court's exercise of its discretionary power in granting an extension of time. For the foregoing reasons, plaintiffs, Ceramica Regiomontana, S.A. and Industries Intercontinental, S.A., motion for an extension is denied.

Since all parties have consented to disclosure under a protective order, the only remaining question pertains to the terms of the order. The orders proposed by defendant, TCA, and plaintiff-intervenor, Interceramica, are substantially similar. The court is fully aware of the fundamental importance of maintaining the confidentiality of the requested material.

Accordingly, it is hereby

ORDERED that the documents identified on the attached Exhibit 1 be made available to David C. Murchison, John F. Bruce, Kevin P. O'Rourke, and Doris E. Long, attorneys in the law firm of Howrey and Simon (hereinafter "Attorneys"), subject to the following terms and conditions:

1. The Attorneys will treat the information contained in the requested documents (hereinafter "confidential information") as confidential to the extent such confidential information is not otherwise available in the public portion of the administrative record;

2. Within ten days from the date of entry of this order, defendants will make available to the Attorneys, at the offices of the International Trade Administration of the Department of Commerce, for copying or examination a copy of each of the documents listed on Exhibit 1 in its entirety, marked "Confidential," subject to the following terms and conditions:

a. All information not otherwise available in the public portion of the administrative record shall be considered as confidential;

b. The Attorneys shall not dislcose the information to anyone (including any officer, shareholder, director, or employee of the defendant-intervenor in this matter) other than the Attorneys' *immediate* office personnel actively assisting in this litigation or in administrative proceedings resulting from an order of this Court, in this litigation, remanding this matter to the administrative agency.

c. The Attorneys shall cause all office personnel authorized to see the confidential information to sign a statement of acknowledgment that the information is confidential and that such information will not be disclosed to anyone other than authorized personnel at Howrey & Simon.

d. Should the Attorneys consider the services of an expert necessary to the presentation of their case in this litigation, and the expert's services require the use of confidential information, the Attorneys shall, prior to providing confidential information to an expert, notify counsel for defendants, plaintiffs, and plaintiff-intervenors of their desire to retain an expert and shall provide counsel for defendants, plaintiffs, and plaintiff-intervenors with: (1) the *curriculum vitae* of the proposed expert; (2) a description of the measures for safeguarding the confidential information proposed to be made available to the expert; (3) assurances that the expert will provide the parties and the court with a statement that the expert consents to be bound to the terms of this protective order. No later than ten days from the date of receipt of the above-described information, defendants, plaintiff, and plaintiff-intervenors shall either consent to the use of the expert proposed by the Attorneys or indicate their objections in writing. If the parties are unable to agree upon an acceptable expert within ten days, the Attorneys may file an appropriate motion with the Court.

e. The Attorneys shall not make more than four (4) copies of any document that is deemed "Confidential" pursuant to this stipulation. There shall be maintained a record of each copy made, and for whom it is made.

f. Whenever any document subject to the protective order is not being used, it shall be stored in a locked vault, safe, or other suitable container, in a designated location at the offices of Howrey & Simon.

g. The Attorneys and their immediate office personnel (as described in 2(b)) shall neither disclose nor use any of the confidential information for purposes other than this litigation or in adminis-

trative proceedings resulting from an order of this Court, that remands this matter to the administrative agency.

h. Any document containing any of the confidential information, including briefs and memoranda, which is filed with the court shall be conspicuously marked as containing information that is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal. The Clerk shall permit access only to the court, Court of International Trade personnel authorized by the court to have access, and counsel for the parties who have been granted access to the documents under this order. The party filing any document that contains confidential information shall also file at the same time another copy of such document from which all of the confidential information shall have been deleted.

i. Any briefs or memoranda containing confidential information shall be served in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the names of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information shall have been deleted.

j. If it becomes necessary to introduce in evidence any documents containing the confidential information, counsel for the respective parties shall propose whatever mechanism may be available and appropriate to limit publication of the documents to an extent no wider than is necessary for purposes of this litigation.

k. Upon conclusion of this litigation, or of administrative proceedings resulting from an order of this Court, that remands this matter to the administrative agency, the Attorneys shall return all documents containing confidential information and any and all copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of the Attorneys or other authorized persons, which copies shall be destroyed. The return of such documents shall be accompanied by a certificate executed by a member of the firm of Howrey & Simon attesting that the provisions of this paragraph have been complied with in all respects.

l. The Attorneys shall promply report any breach of the provisions of this stipulation to the Court; and it is further

Ordered that the confidential status of all those documents in the administrative record which have been designated as "business confidential" (including those listed in Exhibit 1) be maintained, except as provided above, until further order of this Court.