791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RUDOLFO LONGO, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-1698
 United States Court of Appeals, Sixth Circuit.
 4/18/86
 
 GRANTED IN PART, DENIED IN PART
 E.D.Mich.
 ORDER
 BEFORE: MERRITT, JONES and KRUPANSKY, Circuit Judges.
 
 
 1
 Petitioner filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 on February 18, 1983, alleging ineffective assistance of counsel. The district court found that counsel was not ineffective and denied the motion on December 13, 1983. Petitioner filed a notice of appeal on November 6, 1984. On appeal, petitioner has filed a motion to proceed in forma pauperis and for appointment of counsel. The United States has filed a motion to dismiss the appeal for lack of jurisdiction. Petitioner filed a response.
 
 
 2
 Federal Rules of Appellate Procedure 4(a) requires the notice of appeal to be filed within sixty days from the entry of judgment. The Rule 4(a) time limitation applies to rulings on motions under 28 U.S.C. Sec. 2255. Rothman v. United States, 508 F.2d 648 (3d Cir. 1975). Timely filing of the notice of appeal is mandatory and jurisdictional and may not be extended for substantial compliance or otherwise. Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257 (1978); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir. 1984). The notice of appeal from the December 13, 1983, judgment filed on November 6, 1984, was nine months late. Petitioner did not file any time tolling motions or a motion for extension of time to appeal. See Federal Rules of Civil Procedure 77(d); Federal Rules of Appellate Procedure 4(a)(5). Petitioner claims in his responses and other papers that he expected his counsel to file the appeal. Although failure of counsel to file the notice of appeal may constitute excusable neglect sufficient to warrant extension of time for appeal, see In re Buckingham Super Markets, Inc., 631 F.2d 763 (D.C. Cir. 1980), counsel's neglect cannot excuse failure to file a timely notice of appeal after the time for extension of time has expired. See United States v. Hoye, 548 F.2d 1271 (6th Cir. 1977); United States v. Stigall, 374 F.2d 854 (6th Cir.), cert. denied, 389 U.S. 885 (1967). Therefore, since the notice of appeal was nine months late, the appeal must be dismissed for lack of jurisdiction. This disposition moots petitioner's motion for counsel. The docket sheet indicates that the filing fee has been paid, and therefore the motion for in forma pauperis is also moot.
 
 
 3
 Accordingly, it is ORDERED that the motion to dismiss the appeal is granted. The motion to proceed in forma pauperis and for appointment of counsel is denied.