A. No.

Q. Who is Ario Franzetti?

**UNITED STATES, Plaintiff,**

v.

**Marlowe COLE, Defendant.**

**No. 88 CR 1002–1.**

United States District Court,
N.D. Illinois, E.D.

Dec. 12, 1989.

See also, 707 F.Supp. 999.

Ira H. Raphaelson, U.S. Atty. by Vilija A. Bilaisis and Sean Martin, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Roberta L. Samotny, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

After his conviction before this court on charges of running a drug distribution network, defendant Marlowe Cole decided to appeal. This appeal came late; under Rule 4(b) of the Federal Rules of Appellate Procedure, Cole had only ten days from the entry of judgment against him on August 15, 1989, to file a timely appeal. The Seventh Circuit noted that Cole's notice of appeal was not filed with the district court until September 27, 1989—thirty-three days after the period for his timely appeal had expired. However, the appellate panel further noted that under Rule 4(b), Cole's appeal would not have to be dismissed for lack of appellate jurisdiction if (1) Cole's notice was filed only thirty days late and (2) Cole's delay in filing was the result of "excusable neglect." The court then remanded the case to this court for the limited purpose of determining whether Cole met those two criteria.

Under *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a *pro se* notice of appeal by an incarcerated defendant is considered filed on the day that the prisoner delivers the notice to prison officials for mailing. In the instant case, the government concedes that Cole delivered his notice of appeal to prison officials no later than September 25, 1989. The thirtieth day after Cole's appeal period was September 24, 1989. However, since September 24 fell on a Sunday, the next day, September 25, is considered to be the thirtieth day for purposes of Rule 4(b). Fed.R.App.P. 26(a). Therefore, under Fed. R.App.P. 4(b), Cole's notice of appeal was filed within thirty days after the period for his timely appeal had expired.

In examining the reason for Cole's dilatory filing, the court notes that Cole is a diabetic. As a result of his diabetic condition, after his sentencing Cole was transferred to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. Currently, he remains at that facility, where his complete renal failure requires him to receive kidney dialysis treatment at least three times per week. On two occasions prior to his sentencing, Cole lapsed into a comatose state, requiring the court to reschedule his sentencing. Although there is no indication that Cole has suffered similar comatose periods since his sentencing, Cole's medical condition is sufficiently debilitating and severe to justify some neglect or delay on his part in filing his appeal. Moreover, due to confusion or miscommunication between Cole and his attorney, Cole apparently mistakenly believed that his counsel was pursuing an appeal on his behalf. The court finds that both Cole's medical condition and his mis-

communication with his counsel constitute "excusable neglect" within the meaning of Fed.R.App.P. 4(b). *See United States v. Andrews,* 790 F.2d 803, 806 (10th Cir.1986) (serious illness of appellant constitutes excusable neglect), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987); *In re Buckingham Super Markets, Inc.,* 631 F.2d 763, 766 (D.C.Cir.1980) ("... misunderstanding between counsel and client represented a sufficient foundation for showing of excusable neglect."). Accordingly, pursuant to Fed.R.App. 4(b), Cole's appeal was timely filed.